**FIRST STATE BANK OF ODESSA, N.A., Appellant,**

v.

**Trini ARSIAGA d/b/a Trini's Paint and Body Works, Appellee.**

No. 11–90–151–CV.

Court of Appeals of Texas, Eastland.

Feb. 28, 1991.

Rehearing Overruled March 21, 1991.

Stewart McKeehan, Browning & McKeehan, Odessa, for appellant.

John T. Ferguson, Weaver & Ferguson, P.C., Big Spring, for appellee.

## OPINION

ARNOT, Justice.

First State Bank of Odessa, N.A., brought suit against Trini Arsiaga doing business as Trini's Paint and Body Works alleging conversion of the Bank's collateral on a loan, a pickup truck. Arsiaga denied liability, claiming lawful entitlement to the collateral pursuant to a possessory lien for repairs and storage. Arsiaga also counterclaimed against the Bank for the amount of the storage. The case was tried before the court, which rendered judgment that both parties take nothing. On appeal, the Bank argues that, by failing to observe statutory notice requirements of TEX.PROP.CODE ANN. § 70.006 (Vernon 1984), Arsiaga lost his possessory lien priority status and had no right to refuse possession of the truck to the Bank and that, by such refusal,

Arsiaga converted the truck. We affirm the judgment of the trial court.

On March 24, 1988, First State Bank loaned Steve Schafer the money to purchase a pickup. The loan was secured by a retail installment contract, and the lien was noted on the certificate of title. The truck was damaged in an accident on or about July 6, 1988, and Schafer delivered it to Arsiaga Paint and Body Works for repairs. Schafer defaulted in payment of the note on May 8, 1989. On July 26, 1989, the Bank, in writing, demanded that Arsiaga surrender the truck. The Bank did not offer to pay anything for repairs or storage. Arsiaga, claiming statutory possessory liens for repairs and storage under Chapter 70 of the Texas Property Code, TEX.PROP.CODE ANN. § 70.001 et seq. (Vernon 1984 & Supp.1991), refused to turn over the pickup to the Bank.

Section 70.001 provides that a worker who, by labor, repairs a vehicle may retain possession of the article until he is paid for his work. Section 70.003 provides that a garageman with whom a vehicle is left for care has a lien on the vehicle for the amount of the charges for the care. Section 70.006 provides:

(a) A holder of a lien under this subchapter on a motor vehicle subject to the Certificate of Title Act ... who retains possession of the vehicle ... for 30 days after the day that the charges accrue *shall give written notice to the owner and each holder of a lien recorded on the certificate of title. The notice must be sent by certified mail with return receipt requested and must include the amount of the charges and a request for payment.* (Emphasis added)

(b) If the charges are not paid before the 31st day after the day that the notice is mailed, the lienholder may sell the vehicle ... at a public sale and apply the proceeds to the charges. The lienholder shall pay excess proceeds to the person entitled to them.

▉▉▉▉ Although it gave the Bank oral notice on March 7, 1989, that it was claiming a possessory lien, Arsiaga did not serve the Bank with written notice. In its first point of error, the Bank argues that, be-

cause Arsiaga failed to give notice pursuant to Section 70.006, as a matter of law, he failed to properly perfect its lien. We disagree. The notice requirement contained in Section 70.006 is not required to perfect a possessory lien. Section 70.006 notice is required before a possessory lienholder can nonjudicially foreclose on the collateral.

The Bank argues that this is a case of first impression and that to give this interpretation to Section 70.006 would work an undue hardship on lenders. In this case, the storage charges almost equaled the value of the collateral. The Bank argues that, had Arsiaga given the bank written notice under Section 70.006, it could have acted to preserve the value of its collateral. The Bank contends that a repairman can remain silent or secretive about the location of their collateral until such time as the storage charges exceed the value of the collateral. We disagree with the Bank's policy argument. A lender has recourse against the borrower as well as its collateral. The Bank had the opportunity to attack the reasonableness and necessity of the storage and repair charges at trial. If the facts show that a mechanic secretly stored the vehicle until such time as the storage charges exceeded the value of the collateral, then these charges would not be reasonable.

■ Alternatively, in its first point of error, the Bank argues that, because Arsiaga failed to give notice pursuant to Section 70.006, Arsiaga lost its priority under TEX. BUS. & COM.CODE ANN. § 9.310 (Vernon Supp.1991). Section 9.310 provides that:

> When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise.

In *Gulf Coast State Bank v. Nelms*, 525 S.W.2d 866 (Tex.1975), the Court stated that "[t]he intent of § 9.310 is to give a lien arising from work enhancing or preserving the value of property priority over a prior perfected security interest." The Bank points out that Arsiaga did not enhance the value of its collateral, rather he consumed it. The Bank argues that the reasoning for the purpose of granting a mechanic's lien priority over that of a purchase money lienholder has been defeated and that it should receive priority. Therefore, the Bank argues that to hold that Section 70.006 notice is not required to perfect a statutory possessory lien is contrary to the intention of Section 9.310. We disagree. Again, the question of whether or not the repair bill or storage charges were necessary to preserve the collateral should go to the issue of reasonableness and necessity of those charges. Section 70.006 notice is not required to secure a statutory possessory lienholder's priority under Section 9.310. The Bank's first point of error is overruled.

■ In its second point of error, the Bank complains that the trial court's failure to award it damages is against the great weight and preponderance of the evidence. The Bank predicates its damages on Arsiaga's act of conversion for failing to surrender the possession of its collateral. Because Arsiaga had a valid statutory possessory lien, this point is overruled.

The judgment of the trial court is affirmed.