**DOB'S TIRE AND AUTO CENTER, Appellant,**

v.

**SAFEWAY INSURANCE AGENCY, Melanie Riemer, and Ronald Riemer, Appellees.**

**No. 01–95–01098–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 11, 1996.

716

Neal Y. Pickett, Houston, for Appellant.

James A. Boorman, Woodlands, for Appellees.

Before MIRABAL, HEDGES and HUTSON–DUNN, JJ.

## OPINION

HUTSON–DUNN, Justice.

Appellant, Dob's Tire and Auto Center (Dobs), appeals a summary judgment granted on the issue of liability for conversion, in favor of appellees, Safeway Insurance Agency (Safeway) and Melanie and Ronald Riemer. We affirm.

### Summary of Facts

In March 1991, Melanie took her husband's 1987 Suzuki car to Dobs' store for minor service. When Melanie picked up her car, she issued a check in the amount of $66.47 to Dobs that was later returned to Dobs for insufficient funds. When the Riemers did not make good on the check, Dobs contracted with Mechanics Adjusters, Inc. (Mechanics) to have the car repossessed. On April 11, 1991, Mechanics repossessed the car. On April 15, 1991, Mechanics sent certified mail to both Ronald and Melanie and to Atlantic Richfield Credit Union (ARCO), the vehicle's lienholder, notifying them the Suzuki had been repossessed, and that they had 30 days to make full payment on amounts due or the car would be sold. ARCO accepted its certified letter, but the Riemers declined to accept their certified letters. On May 28, 1991, Dobs sold the car to Gunther Jenner (Jenner).

When Ronald and Melanie discovered their car was missing, they reported the car stolen and filed a theft report with the police. Melanie notified Safeway, their insurance company, of the loss and requested coverage for the loss and for the cost of a rental car. On May 14, 1991, Safeway issued a draft payable jointly to Melanie Riemer and ARCO for the theft of the car in the amount of $3,904, and on May 16, 1991, Safeway paid Ronald the rental car expense of $599.43. On June 21, 1991, Safeway learned that Dobs had repossessed and sold the car. When Safeway discovered the car had been sold and not

stolen, it brought this subrogation action against Dobs for damages.

Safeway filed suit against Dobs and Mechanics alleging that Dobs and Mechanics, as Dobs' agent, did not comply with the Property Code when they sold the Riemers' car to Jenner.[1] Safeway filed a motion for partial summary judgment seeking relief only on the issue of liability against Dobs and/or Dobs' agent, Mechanics, for conversion of the vehicle. Specifically, Safeway asserted that Dobs and/or Mechanics did not comply with section 70.006(a) or (b) of the Texas Property Code, in that it sold the Riemers' car before the minimum 61 days lapsed from the time the vehicle was repossessed until it could be sold, and it did not hold a "public sale." It further alleged Mechanics was Dobs' agent for the purpose of this suit so that Mechanics and Dobs are jointly and severally liable for conversion. In response to the motion for summary judgment, Dobs argued that it did comply with the notice and sale requirements of the Property Code, and that Mechanics was not its agent.

The trial court granted the partial summary judgment for Safeway on the issue of liability. In the order, the trial court listed three reasons it granted the partial summary judgment:

1. Dobs and Mechanics failed to hold a public sale of Riemers' car;

2. Dobs and Mechanics failed to comply with the provisions under 70.006 of the Property Code in disposing of Riemers' car;

3. Mechanics was at all relevant times the agent of Dobs during the repossession and sale of the Riemers' car.

After the trial court granted Safeway's partial summary judgment, it rendered a final judgment against all parties involved in which Safeway and Ronald and Melanie Riemer recovered damages against Dobs and Mechanics, and Jenner was non-suited. Dobs asserts four points of error on appeal attacking both the partial summary judg-

1. Safeway also filed suit against Jenner and Ronald and Melanie Riemer, and in turn Ronald and Melanie countersued Dobs and Mechanics. The

disposition of these claims is not at issue in this appeal.

ment and the award of punitive damages in the final judgment.

## Analysis

In his first and third points of error, Dobs contends the trial court erred in granting the partial summary judgment because it did comply with the notice and sale provisions of the Texas Property Code.

To obtain a summary judgment, a plaintiff-movant must (1) prevail on each element of the cause of action, and (2) produce evidence that would be sufficient to support an instructed verdict at trial. *Wilson v. General Motors Acceptance Corp.*, 897 S.W.2d 818, 821 (Tex.App.—Houston [1st Dist.] 1994, no writ); *Braden v. New Ulm State Bank*, 618 S.W.2d 780, 782 (Tex.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). The defendant-nonmovant then has an opportunity to show that the movant did not prove that there were no material issues on the essential elements of each of the movant's claims. *Wilson*, 897 S.W.2d at 821. When the trial court grants a summary judgment on specific grounds, the specified grounds are the only ones on which the summary judgment can be affirmed. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380–81 (Tex.1993). When the trial court order specifies grounds relied on for its ruling, summary judgment will be affirmed if any of the specified grounds are meritorious. *River Consulting, Inc. v. Sullivan*, 848 S.W.2d 165, 168–69 (Tex.App.—Houston [1st Dist.] 1992, writ denied).

In its first point of error, Dobs contends the trial court erred in granting partial summary judgment because it complied with section 70.006 of the Texas Property Code. Section 70.006 provides:

(a) A holder of a lien under this subchapter on a motor vehicle subject to the Certificate of Title Act, as amended (Article 6687–1; Vernon's Texas Civil Statutes) ... who retains possession of the vehicle ... for 30 days after the day that the charges accrue shall give written notice to the owner and each holder of a lien recorded on the certificate of title. The notice must be sent by certified mail with return receipt requested and must include the amount of the charges and a request for payment.

(b) If the charges are not paid before the 31st day after the day that the notice is mailed, the lienholder may sell the vehicle .. at a public sale and apply the proceeds to the charges. The lienholder shall pay excess proceeds to the person entitled to them.

TEX.PROP.CODE ANN. § 70.006(a), (b) (Vernon 1995).

Dobs argues section 70.006 provides that a lienholder who has a vehicle must give notice to the owners of repossession, and that if the vehicle is not picked up within 31 days of the notice, it will be sold at a public sale. Dobs argues the language of section 70.006 does not require a lienholder to hold the vehicle for 30 days first before he gives notice. Safeway contends that a reading of the plain language requires a lienholder to retain possession of vehicle for 30 days and then send a notice by certified mail notifying the car owners of its intent to sell if the charges are not paid. Safeway contends this requires a lienholder to keep the vehicle a minimum of 61 days before a lienholder can sell the car.

This is a case of first impression for this Court in construing the language of section 70.006 of the Property Code. No court to our knowledge has reviewed the language in 70.006. However, in *Cranetex, Inc. v. Precision Crane & Rigging of Houston, Inc.*, the court reviewed substantially similar language found in TEX.PROP.CODE ANN. § 70.005. 760 S.W.2d 298, 305 (Tex.App.—Texarkana 1988, writ denied). Section 70.005(a) provides in relevant part:

A person holding a lien under this subchapter ... who retains possession of the property for 60 days after the day that the charges accrue shall request the owner to pay the unpaid charges due.... If the charges are not paid before the 11th day after the day of the request, the lien holder may, after 20 days' notice, sell the property at a public sale....

In construing this section, the court read it to mean that a lienholder had to retain possession a total of 91 days after the charges accrued before the lienholder could sell the

property. *Id.* Because of the substantially similar wording between sections 70.005 and 70.006, we read the language of 70.006 consistent with the way the Texarkana Court read section 70.005. Section 70.006(a) requires a lienholder who retains possession of a vehicle for 30 days to send a notice to the owner requesting payment. If the owner has not made the payments on the vehicle before the 31st day after the notice was sent, then the lienholder can sell the car. TEX.PROP. CODE ANN. § 70.006(b). This amounts to a minimum of 61 days a lienholder has to retain possession of a vehicle before the lienholder can sell the vehicle.

Dobs argues, though, that to interpret section 70.006 to require a lienholder to first possess a vehicle for 30 days and then send notice is in direct contradiction of section 70.004 of the Property Code. Section 70.004 provides in relevant part:

(a) A holder of a lien under Section 70.003 on a motor vehicle[2] ... who obtains possession of the motor vehicle ... under a state law ... shall give notice to the last known registered owner and each lienholder of record not later than the 10th day after the day possession is obtained.

(b) The notice must be sent by certified mail with return receipt requested and must contain:

(1) a request to remove the motor vehicle;

(2) a request for payment;

(3) the location of the motor vehicle; and

(4) the amount of accrued charges.

(c) A person is entitled to fees for towing, preservation, and notification and to reasonable storage fees for up to 5 days before the day that the notice is mailed. After the day that the notice is mailed, the person is entitled to reasonable storage and preservation fees until the motor vehi-

cle ... is removed and accrued charges are paid.

TEX.PROP.CODE ANN. § 70.004 (Vernon 1995).

Safeway contends that a reading of sections 70.004 and 70.006 requires that two notices be sent to the owner before a lienholder can effectuate a sale of a vehicle, and that compliance with section 70.004 does not satisfy the independent notice requirement in section 70.006(a).

■ Statutory construction is a question of law. *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex.1989). When the court is confronted with a question of statutory construction, it must first determine whether the statute is ambiguous. *Cail v. Service Motors, Inc.,* 660 S.W.2d 814, 815 (Tex.1983). If the meaning of the statute is clear and unambiguous, extrinsic aids and rules of construction are inappropriate, and the statute should be given its common, everyday meaning. *Id.* at 815; *Maley v. 7111 Southwest Freeway, Inc.,* 843 S.W.2d 229, 231 (Tex. App.—Houston [14th Dist.] 1992, writ denied).

Upon reading sections 70.001–.006 of the Property Code, this Court is of the opinion that these sections are not ambiguous. Under section 70.001 of the Property Code, Dobs is claiming a worker's lien. TEX.PROP. CODE ANN. § 70.001(a) (Vernon 1995). Section 70.001(b) provides that if Dobs relinquishes possession of the vehicle in return for an insufficient check, the lien continues to exist and Dobs is entitled to take possession in accordance with the provisions of section 9.503 of the Business and Commerce Code.[3] TEX.PROP.CODE ANN. § 70.001(b) (Vernon Supp.1996).

■ The worker's lien is not the same as the lien provided for in section 70.003 of the Property Code, which is the lien for garagemen. Section 70.003 allows liens for property that is stored, not for property on which

---

2. Section 70.003(c) provides:
    A garageman with whom a motor vehicle ... is left for care has a lien on the motor vehicle ... for the amount of the charges for the care, including reasonable charges for towing the motor vehicle ... to the garagemen's place of business.

3. Section 9.503 provides:

    Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed *without judicial process if this* can be done without breach of the peace....

work was performed. Section 70.004(a) requires the holder of a lien under 70.003 to give the owner and lienholder of record notice not later than the 10th day after possession is obtained. If this is not done, there is a limitation on the amount of storage fees and the lienholder may be fined. The 10–day notice requirement, therefore, serves a separate purpose from the statutory notice requirement found in section 70.006. The notice requirement in section 70.004 is separate from, and exists in conjunction with the notice requirement given under section 70.006.

Section 70.006(a), (b) serves as a condition precedent to sale of the property by the lienholder and controls all sales of motor vehicles under both the garagemen's lien (section 70.003) and the worker's lien (section 70.001). If the lienholder sent the required notification to the owner under 70.004 and yet still maintains possession of the vehicle 30 days after the charges accrued, then section 70.006(a) requires that the lienholder *shall* send notice to the owner by certified mail and must include in the letter the amount of the charges and a request for payment. We read this provision as requiring the lienholder to send an additional notice to the owner separate and apart from any previous notice sent under section 70.004. Then, if the charges are not paid before the 31st day after the 70.006 notice is mailed, the lienholder may sell the vehicle. TEX.PROP.CODE ANN. § 70.006(b) (Vernon 1995).

In our case, the Riemers' vehicle was repossessed on April 11, 1991, and notice of the repossession was sent to the Riemers by registered mail on April 15, 1991. This notice complies with the requirements in section 70.004. However, Dobs did not send a separate, additional notice to the Riemers after retaining possession 30 days after charges accrued, yet it sold the car on May 28, 1991. Therefore, Dobs' sale of the Riemers' vehicle did not comply with section 70.006(a) of the Property Code. We hold the trial court did not err in granting summary judgment on this ground. We overrule Dobs' first point of error. In light of our disposition in point of error one, we need not address Dobs' third point of error.

In Dobs' second point of error, it contends the trial court erred in granting summary judgment based on section 5.24 of the Texas Family Code. The trial court did not specify section 5.24 of the Family Code as a ground for granting summary judgment. When the trial court grants a summary judgment on specific grounds, the specified grounds are the only ones on which the summary judgment can be affirmed. *S.S.,* 858 S.W.2d at 380–81. We overrule Dobs' second point of error.

In Dobs' fourth point of error, it contends the trial court erred in awarding punitive damages to Ronald and Melanie Riemer. Dobs complains that the evidence does not establish conduct that amounts to gross negligence. Points of error dependent on the state of the evidence cannot be reviewed absent a complete record. The burden is on the party appealing from a judgment to see that a sufficient record is presented to show error requiring reversal. TEX.R.APP.P. 50(d); *In re S.R.M.,* 888 S.W.2d 267, 269 (Tex.App.—Houston [1st Dist.] 1994, no writ). Because Dobs has not supplied this Court with a statement of facts with which to review the trial court's award of punitive damages, we hold Dobs has waived review. We overrule Dob's fourth point of error.

We affirm the judgment of the trial court.