TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00047-CV







Elite Towing, Inc., Appellant


v.


LSI Financial Group, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT

NO. 96-09850, HONORABLE JERRY DELLANA, JUDGE PRESIDING 






 Appellee LSI Financial Group ("LSI") sued appellant Elite Towing, Inc. ("Elite") (1)
in district court urging various claims, including conversion, negligence, and violation of section
70.006 of the Texas Property Code, (2) arising out of Elite's disposing of an automobile in its
possession. The district court granted a partial summary judgment in favor of LSI as to liability
on its Property Code claim. Later, following a bench trial, the district court rendered a final
judgment awarding LSI damages and attorney's fees. Elite appeals. We will affirm the district
court's judgment.


BACKGROUND

 On June 26, 1996, Elite gained possession of a 1994 Mitsubishi Mirage automobile.
The vehicle, owned by Keshia L. Eubanks, was subject to a lien created by a security agreement. 
LSI is the loan servicer and attorney-in-fact for the secured party, First Bank of the Americas. (3) 
On July 2, Elite sent written notice regarding its possession of the vehicle to Eubanks and the
original lienholder, (4) a copy of which was later obtained by LSI. The notice stated, inter alia, that
the vehicle would be sold at a public sale on August 1 unless it was redeemed and removed from
the premises. It is undisputed that this is the only notice that Elite sent to either the owner or any
lienholder of the vehicle.

 On August 1, Lissa Ruffin, president of Elite, conducted a sale and disposed of the
vehicle. Robert Ruffin was the only bidder present at the sale and bought the vehicle on behalf
of Elite Wholesales for $540. Approximately one week later, LSI contacted Elite and was
informed of the sale.

 LSI sued Elite and later filed a motion for summary judgment asserting that it was
entitled to judgment as a matter of law because in selling the vehicle Elite failed to comply with
section 70.006 of the Property Code. See Tex. Prop. Code Ann. § 70.006 (West 1995 & Supp.
1999). The district court granted the motion as to liability but reserved the issues of damages and
attorney's fees for "determination at a later date." The order, signed July 30, 1997, reflects that
the hearing on the motion for summary judgment had been held on June 27.

 On July 1, shortly after the hearing but before the signing of the order, LSI served
Elite with notice that trial of the remaining issues was set for August 25. The certificate of service
attached to the notice reflects that it was sent to Elite's attorney, James C. Mosser, by certified
mail return receipt requested, at the address for Mosser reflected in Elite's trial pleadings. It is
not in dispute that the address shown in the certificate of service is Mosser's correct office
address. On July 3, Gerald Scheff, an attorney officing in the same building as Mosser, signed
the receipt for the notice. The receipt was returned to LSI's attorney. Neither Mosser nor a
representative of Elite appeared at the trial. Mosser asserts that he never received the notice. In
the absence of Elite, its representative, or attorney, the district court conducted a bench trial and
rendered judgment for LSI for damages and attorney's fees in the amounts of $8,625 and
$14,472.09, respectively. Elite filed a motion for new trial alleging lack of notice of the trial
setting. Elite did not request a hearing on its motion, and it was overruled by operation of law.

 Elite appeals in five issues: the first two attack the partial summary judgment; the
third complains that Elite should have been granted a new trial because its attorney did not receive
notice of the trial setting; the fourth addresses whether attorney's fees were appropriate in this
case; the final issue asserts that venue was improper.


DISCUSSIONPartial Summary Judgment

 The standards for reviewing a summary judgment are well established. The movant
for summary judgment has the burden of showing that no genuine issue of material fact exists and
it is entitled to judgment as a matter of law. Nixon v. Mr. Property Management Co., 690 S.W.2d
546, 548-49 (Tex. 1985). In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the nonmovant will be taken as true, and every
reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its
favor. Id.


Conversion and Negligence 

 Elite asserts that the district court erroneously rendered summary judgment against
it on LSI's conversion and negligence claims. LSI's motion for summary judgment addressed only
section 70.006 of the Property Code. It was on this motion that the district court granted partial
summary judgment. (5) Courts can only address issues that are expressly presented in a motion for
summary judgment. See Mafrige v. Ross, 866 S.W.2d 590, 591 (Tex. 1993) (granting motion for
summary judgment on cause of action not addressed in motion is reversible error); Chessher v.
Southwestern Bell Tel. Co., 658 S.W.2d 563, 564 (Tex. 1983) (summary judgment cannot be
granted as a matter of law on cause of action not addressed in summary-judgment proceeding). 
The district court did not grant summary judgment against Elite on LSI's conversion or negligence
claims. We will address only the issue before the district court in LSI's motion.


Compliance with the Texas Property Code

 Section 70.006 of the Texas Property Code provides in pertinent part: 


(a) A holder of a lien under this subchapter on a motor vehicle . . . who retains
possession of the vehicle . . . for 30 days after the day that the charges accrue
shall give written notice to the owner and each holder of a lien recorded on the
certificate of title. . . .


(b) If the charges are not paid before the 31st day after the day that the notice is
mailed, the lienholder may sell the vehicle . . . at a public sale and apply the
proceeds to the charges. . . .



Tex. Prop. Code Ann. § 70.006 (West 1995 & Supp. 1999).

 Elite argues that it could not have violated section 70.006 because it never actually
sold the vehicle, as LSI obtained a temporary restraining order preventing Elite from transferring
the vehicle's title. Elite asserts that because title was not transferred, there was no sale and section
70.006 does not apply. We find this argument to be without merit. When title to an automobile
is a collateral issue, i.e., where there are no direct competing claims to such title, "a litigant might
show by almost any kind of evidence that ownership in fact rests in a person other than the person
named as the owner in the certificate [of title]." Arnold v. State, 793 S.W.2d 305, 311 (Tex.
App.--Austin 1990, no writ).

 As there are no competing claims to title of the vehicle, we may look to the record
for evidence to determine whether the vehicle was in fact "sold" by Elite. The summary-judgment
proof reflects Elite sold the vehicle at a "public sale," Elite Wholesales bought the vehicle at this
sale, Elite Wholesales is the present owner of the vehicle, and Robert Ruffin (presumably on
behalf of Elite Wholesales) took possession of the vehicle and made repairs to it. (6) We conclude
that section 70.006 does apply in this case because Elite did sell the vehicle to Elite Wholesales
and no one else asserted a claim to its title.

 Having held that the vehicle was in fact sold, we must determine if Elite gave
proper notice of the sale. Elite argues that section 70.006 requires only one notice (7) and a 31-day
waiting period before a vehicle may be sold, while LSI submits that the notice provision contained
in section 70.004 of the Property Code also applies to the facts of this case and further that section
70.006 mandates that Elite was required to maintain possession of the vehicle for 61 days prior
to sale. We must read chapter 70 as a whole to determine the underlying legislative intent. See
Citizens Bank v. First State Bank, 580 S.W.2d 344, 348 (Tex. 1979) ("The cardinal rule in
statutory interpretation and construction is to seek out legislative intent from a general view of the
enactment as a whole").

 Chapter 70 of the Property Code addresses the lien of a garageman such as Elite. 
Section 70.003 grants a garageman with whom a motor vehicle is left for care a lien on the vehicle
for charges for that care, including reasonable towing charges. See Tex. Prop. Code Ann.
§ 70.003(c) (West 1995). A garageman holding a lien pursuant to section 70.003 must send a
notice to the registered owner of the vehicle and each lienholder of record no later than the 10th
day after the day possession is obtained. See id. § 70.004(a). This notice must contain the
location of the vehicle, the amount of accrued charges, a request for payment, and a request to
remove the vehicle. See id. § 70.004(b). Finally, section 70.006 requires notice be sent to the
owner and any lienholder of record when the garageman seeks to sell the vehicle. See id.
§ 70.006.

 Elite argues that it complied with the notice requirements set out in section 70.006
when it sent the July 2 notice. In Dob's Tire & Auto Center v. Safeway Insurance Agency, 923
S.W.2d 715 (Tex. App.--Houston [1st Dist.] 1996, writ dism'd w.o.j.), a case similar to the case
before us, (8) the court of appeals examined chapter 70 in its entirety, determined that the 10-day
notice requirement in section 70.004 served a different purpose from the notice required under
section 70.006, and held that section 70.006 required 31 days notice after the lienholder possessed
the vehicle for 30 days. See id. at 719. The court concluded that the notice required under section
70.006 is separate and apart from any notice required or sent under section 70.004. See id. at
718-20. 

 Section 70.006 clearly states that if possession of the vehicle is retained for 30 days
after charges first accrue, it may not be sold until the 31st day after notice is mailed. See Tex.
Prop. Code Ann. § 70.006(b) (West 1995); Dob's Tire & Auto Ctr., 923 S.W.2d at 719. Elite
retained possession of the vehicle on June 26 and, pursuant to section 70.003, obtained a lien on
the vehicle for charges that accrued for the towing and care of it. On July 2, Elite sent a notice
to whom it perceived to be the lienholder of record. This notice seemingly attempts to combine
the elements required by both section 70.004 and section 70.006 in that it generally contains the
information required by section 70.004, but also gives notice of the forthcoming sale of the vehicle
on August 1, the 30th day after the mailing of the notice. At the time the notice was mailed, Elite
had not retained possession of the vehicle for 30 days after accrual of the first charges to which
it was entitled and did not give an additional 31 days notice of the proposed sale. We agree with
the First Court of Appeals:


Section 70.006(a) requires a lienholder who retains possession of a vehicle for 30
days to send a notice to the owner requesting payment. If the owner has not made
the payments on the vehicle before the 31st day after the notice was sent, then the
lienholder can sell the car. Tex. Prop. Code Ann. § 70.006(b). This amounts
to a minimum of 61 days a lienholder has to retain possession of a vehicle before
the lienholder can sell the vehicle.


Dob's Tire & Auto Ctr., 923 S.W.2d at 719 (emphasis added). (9) We conclude that Elite did not
comply with the notice requirement under section 70.006 of the Property Code.


Applicability of the Texas Transportation Code

 Elite also attempts to establish sufficient notice by relying on the Texas
Transportation Code. While it is true that section 683.034 of the Transportation Code provides
that notice sent under section 683.012 satisfies the notice requirements under chapter 70 of the
Property Code, section 683.012 applies to a notice of abandonment sent by a law enforcement
agency. (10) See Tex. Transp. Code Ann. §§ 683.034(e)(2), .012 (West 1998). Elite, a private
company, retained possession of the vehicle and held a sale on its premises. The record reflects
that the vehicle was towed from a church parking lot by a private wrecker service at the request
of the church. The record does not indicate any law enforcement agency involvement. We
conclude therefore that the Transportation Code is inapplicable here.


Pleadings

 Elite claims that LSI's pleadings do not support its motion for summary judgment. 
LSI's trial pleadings allege that Elite failed to give "the requisite notices" pursuant to sections
70.004 and 70.006 of the Property Code. LSI's motion for summary judgment claims that Elite
violated section 70.006 by not sending written notice after it had retained the vehicle for 30 days
and in failing to maintain possession of the vehicle for 61 days before sale. Although pleadings
set out the controversy in a case, they are not considered in determining whether fact issues are
expressly presented in summary judgment motions, and they are not summary-judgment proof. 
See City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). The
contentions in the written motion for summary judgment are what the court must consider in
determining whether to grant the motion. See id. The motion must be supported by the pleadings
on file, and the final judgment must conform to those pleadings. See Krull v. Samoza, 879
S.W.2d 320, 322 (Tex. App.--Houston [14th Dist.] 1994, writ denied); Baker v. John Peter
Smith Hosp., 803 S.W.2d 454, 456 (Tex. App.--Fort Worth 1991, writ denied); but see Roark
v. Stallworth Oil & Gas, Inc., 813 S.W.2d 492, 495 (Tex. 1991) (variance between motion for
summary judgment and movant's pleading may be tried by consent and thus waived). As the
partial summary judgment conformed to LSI's trial pleadings which in turn supported its motion
for summary judgment, we overrule this claim.


Affirmative Defenses

 Elite urges this Court to reverse the district court's partial summary judgment
because Elite's answer asserts numerous "affirmative and verified defenses . . . and there are
genuine issues of material fact as to each element of the affirmative defense [sic]." Elite then sets
out eleven so-called affirmative or verified defenses, ten of which address compliance with the
notice and sale provisions of the Property Code. We have previously disposed of those issues
and decline to revisit them.

 Elite raises as an additional affirmative defense that LSI is not authorized to do
business in this state, but brings forth no summary-judgment proof whatsoever to support this
contention. Nor does Elite's brief contain argument or authorities in support of this allegation. 
See Tex. R. App. P. 38.1(h). Elite has thus waived this issue. See, e.g., Horton v. Horton, 965
S.W.2d 78, 88 (Tex. App.--Fort Worth 1998, no pet. h.) ("By raising an issue and failing to
present any argument or authority on that issue, the party waives that issue.").


Affidavits

 Elite argues that the affidavits of Mark Armstrong and Carl Lopez attached to
LSI's motion for summary judgment are defective. (11) First, Elite complains about Armstrong's
and Lopez's testimony concerning facts related to attorney's fees and damages. (12) However, the
district court did not grant summary judgment on either issue. We conclude therefore that this
testimony is immaterial to the district court's decision to grant partial summary judgment against
Elite on the issue of liability.

 Elite also complains that Lopez's affidavit is defective because it contains hearsay. 
While Elite does not specifically direct us to statements in Lopez's affidavit that constitute
hearsay, (13) after examining the record we find that Lopez's affidavit contains only one hearsay
statement arguably material to the district court's decision to grant partial summary judgment. 
Lopez stated that "Elite Towing informed LSI that Elite Towing had 'sold' the Vehicle." Elite's
own summary-judgment proof, however, establishes that the vehicle was sold. (14) Therefore,
Lopez's testimony is cumulative, and any hearsay is harmless. We find this claim to be without
merit.

 Finally, Elite argues that Lopez's affidavit is defective because Lopez is an
interested witness. Summary judgment may be based on the testimony of an interested witness
if that evidence "is clear, positive and direct, otherwise credible and free from contradictions and
inconsistencies, and could have been readily controverted." Tex. R. Civ. P. 166a(c). Lopez's
affidavit sets forth facts material to the district court's finding that Elite failed to comply with the
notice requirements of section 70.006 of the Property Code. Elite did not dispute any of these
facts or present any controverting proof. In fact, Elite established the same facts in its own
summary judgment proof. We find that Lopez's affidavit satisfies the requirements of Rule
166a(c) and was properly considered by the district court as summary-judgment proof.

 Therefore, we overrule those issues attacking the partial summary judgment.


Motion for New Trial

 Elite's third issue addresses whether it is entitled to a new trial because it did not
receive notice of the August 25 trial setting.


A default judgment should be set aside and a new trial ordered in any case in
which the failure of defendant to answer before judgment was not intentional, or
the result of conscious indifference on his part, but was due to a mistake or
accident; provided the motion for a new trial sets up a meritorious defense and is
filed at a time when granting thereof will occasion no delay or otherwise work an
injury to the plaintiff.



Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex. 1939). The Craddock standard
applies to a post-answer default judgment, as is the case here where Elite answered but failed to
appear at the trial. See Cliff v. Huggins, 724 S.W.2d 778, 779 (Tex. 1987); Grissom v. Watson,
704 S.W.2d 325, 326 (Tex. 1986). Elite argues that it satisfies Craddock and is entitled to a new
trial because its failure to attend the trial was not intentional, but was due to an accident in that
it did not receive notice of the trial setting.

 Notice of a trial setting may be served on a party's attorney of record by certified
mail. See Tex. R. Civ. P. 21a. Here, the record reflects that LSI properly mailed notice of the
trial setting to Elite's attorney, James Mosser. However, George Scheff, an attorney officing in
the same building as Mosser, signed the return receipt for the notice. LSI asserts that Scheff was
acting on behalf of Mosser, imputing notice of the trial setting to Mosser.

 "It is universally recognized that notice to [an] agent is notice to the principal." 
Grissom, 704 S.W.2d at 327. Courts have also recognized that an attorney is deemed to have
received notice when the receipt for the notice is signed by that attorney's agent or employee,
finding that it would be unjust to allow a party to claim lack of notice based on the negligence of
the party's own attorney or the attorney's employees. See Bentley v. Rio Grande Dev. Group, 607
S.W.2d 319, 321 (Tex. Civ. App.--Fort Worth 1980, no writ) (document deemed received by
attorney when signed by his agent, attorney's law librarian, because it would be unreasonable to
hold opposing party accountable for office procedures and practices of other party); Mackay v.
Charles W. Sexton Co., 469 S.W.2d 441, 444-45 (Tex. Civ. App.--Dallas 1971, no writ) (fault
or neglect of appellant's secretary to notify him of trial setting cannot be laid on appellee).

 Therefore, we must determine whether Scheff was Mosser's agent. We begin with
the general rule guiding the creation of an agency relationship:


As between parties to the relation, there must be a meeting of the minds in
establishing the agency, and the consent of both the principal and the agent is
necessary to create the agency, although such consent may be implied rather than
expressed. The principal must intend that the agent act for him, the agent must
intend to accept the authority and act on it, and the intention of the parties must
find expression in either words or conduct between them.



Grissom, 704 S.W.2d at 326 (quoting First Nat'l Bank v. Farmers & Merchants State Bank, 417
S.W.2d 317, 330 (Tex. Civ. App.--Tyler 1967, writ ref'd n.r.e.)). An agency relationship may
be found from underlying facts or direct and circumstantial evidence showing the relationship of
the parties. See Schultz v. Rural/Metro Corp., 956 S.W.2d 757, 760 (Tex. App.--Houston [14th
Dist.] 1997, no writ); Stanford v. Dairy Queen Prods., 623 S.W.2d 797, 800-801 (Tex. App.--
Austin 1981, writ ref'd n.r.e.).

 We find that an agency relationship existed between Scheff and Mosser. See
Grissom, 704 S.W.2d at 326 (agency relationship existed between two law firms when one firm
filed answer on behalf of the other in the past in the same case, and notice of docket setting sent
to agent/firm was imputed to principal since it was acquired in connection with business transacted
for principal). The underlying facts show that Scheff officed in the same building as Mosser. On
other occasions during this very case Scheff received and signed postal receipts for Mosser, and
there is no evidence that Mosser objected when Scheff signed such documents for him. In fact,
though Mosser attached an affidavit to his motion for new trial in which he stated he personally
did not receive notice, he never indicated that Scheff was not authorized to receive such notice for
him. (15)

 Elite urges that Scheff was not an employee, agent, partner, associate, or
shareholder of Mosser and did not act for the benefit of Mosser in this case. While it is true that
a party is not deemed to have received notice when such notice is signed and accepted by one who
has no authority to sign it, the facts in this case distinguish it from authority supporting that
proposition. For example, in United National Bank v. Travel Music of San Antonio, Inc., 737
S.W.2d 30 (Tex. App.--San Antonio 1987, writ ref'd n.r.e.) and Thompson v. Thompson, 487
S.W.2d 436 (Tex. Civ. App.--Houston [1st Dist.] 1972, no writ), notice was found ineffective
when it was signed for by a stranger of the intended addressee and the record did not reveal the
identity of the person who signed it. See United Nat'l Bank, 737 S.W.2d at 31-32; Thompson, 487
S.W.2d at 439. Contrary to these cases, the record here clearly reveals Scheff was no stranger
to Mosser. Of compelling significance to our determination of this issue is the fact that Scheff
signed other receipts for documents for Mosser in this case, and served as the notary on Mosser's
affidavit.

 In City of Houston v. Riner, 896 S.W.2d 317 (Tex. App.--Houston [1st Dist.]
1995, writ denied), the court found that notice had not been received when a security guard, who
admitted that she did not have the authority to do so, signed and accepted mail that was addressed
to the city attorney who had recently moved into the building where the notice was mailed. See
id. at 319-320. Unlike Riner, there is no similar evidence here that Scheff was not authorized to
sign the notice. Scheff's previous acceptance of documents for Mosser in this case met with no
objection. Mosser testified by way of affidavit to his lack of receipt of the notice and final
judgment, but significantly failed to state that Scheff was not authorized to receipt for them. The
record here reflects a consistent pattern whereby Scheff ordinarily transacted certain business for
Mosser, while in Riner no such pattern is evident.

 In light of the circumstances in this case, we find that Scheff was Mosser's agent
and was authorized to accept notice of the trial setting for Mosser. Because notice to Scheff is
imputed to Mosser, (16) we conclude that Elite's failure to appear at trial was not due to an accident. 
To hold otherwise would allow the manipulation of receipt for notices and would undermine and
render useless the provisions of Rule 21a. We overrule Elite's third issue.


Attorney's Fees

 By its fourth issue, Elite challenges the district court's award of attorney's fees on
two bases. First, that the evidence does not support a judgment in LSI's favor on LSI's claim of
conversion, and second, if so, because conversion is a tort, it will not support an award of
attorney's fees. LSI responds that we cannot address this issue because ET failed to preserve it
in its motion for new trial. Generally, a point in a motion for new trial is not a prerequisite to a
complaint on appeal. See Tex. R. Civ. P. 324. In Wilson v. Dunn, 800 S.W.2d 833 (Tex. 1990),
the supreme court compared Rule 324 to then Texas Rule of Appellate Procedure 52(a). The court
noted that Rule 324, as amended, was meant to limit use of motions for new trial to preserve
error. The court further observed that while Rule 52(a) required all complaints urged on appeal
to first be presented to the trial court, it was unclear when complaints could not be raised prior
to judgment. This problem, reasoned the court, should be considered in a future amendment to
the rules. See Wilson, 800 S.W.2d at 837 n.9.

 Effective September 1, 1997, the supreme court amended the Texas Rules of
Appellate Procedure. New Rule 33.1 is similar to previous Rule 52(a) in that it requires a
complaint to first be presented to the trial court in order to preserve the complaint for appellate
review. See Tex. R. App. P. 33.1(a). The rule then goes on to directly address the supreme
court's concern expressed in Wilson, "In a civil case, the overruling by operation of law of a
motion for new trial or a motion to modify a judgment preserves for appellate review a complaint
properly made in the motion, unless taking evidence was necessary to properly present the
complaint in the trial court." Tex. R. App. P. 33.1(b) (emphasis added). As Elite's motion for
new trial asserts no error in the district court's award of attorney's fees, Elite has not preserved
this issue for review by this Court.

 However, even if Elite's complaint had been properly preserved, we hold that the
district court was correct in awarding LSI attorney's fees.


Conversion

 Before the district court LSI pleaded that when Elite failed to comply with the
Property Code prior to selling the vehicle, the sale was void and the transfer of the vehicle
constituted an illegal conversion. "Conversion is the 'wrongful exercise of dominion and control
over another's property in denial of or inconsistent with his rights.'" Bandy v. First State Bank,
835 S.W.2d 609, 622 (Tex. 1992). Generally, a lienholder (17) may sue for conversion of
encumbered property even though the lienholder is not entitled to possession at the time of the
conversion. See 15 Tex. Jur. 3d Conversion § 35 (1981); see also Focke v. Blum, 17 S.W. 770,
772 (Tex. 1891) ("It is well settled that a mortgagee or lienholder may sue for a conversion of the
mortgaged property"); Collision Ctr. Paint & Body v. Campbell, 773 S.W.2d 354, 357 (Tex.
App.--Dallas 1989, no writ) (finding conversion in favor of purchase money lienholder); Hart v.
Meadows, 302 S.W.2d 448, 451 (Tex. Civ. App.--Texarkana 1957, writ ref'd n.r.e.) (lienholder
may sue for conversion though not entitled to possession at time of conversion).

 "If one exercises dominion and control over a car by selling it without having a
right to do so, he converts the vehicle." Kollision King, Inc. v. Calderon, 968 S.W.2d 20, 23
(Tex. App.--Corpus Christi 1998, no writ) (citing L.L.M. v. Mayes, 733 S.W.2d 642, 646 (Tex.
App.--San Antonio 1987, no writ)). We have found that Elite did not comply with section 70.006
of the Property Code because it failed to give proper notice prior to selling the vehicle. (18) As Elite
did not have the right to sell the vehicle, Elite's unlawful sale constituted conversion.


Basis for Recovery

 Elite further asserts that the district court erred in awarding attorney's fees to LSI
because attorney's fees may not be awarded for conversion, which it alleges is the basis for LSI's
cause of action. Under section 70.008 of the Property Code, "The court in a suit concerning
possession of a motor vehicle . . . and a debt due on it may award reasonable attorney's fees to
the prevailing party." Tex. Prop. Code Ann. § 70.008 (West 1995). This statute does not restrict
attorney's fees to a party suing on a debt who wishes to retain possession of a vehicle. See
Kollision King, 968 S.W.2d at 24.

 Here, LSI recovered judgment against Elite in conversion because Elite, having sold
the vehicle to Elite Wholesales, could not surrender the vehicle. However, as in Kollision King,
at issue was the right to the possession of the vehicle and the debt secured by the possessory lien. 
See id. Elite could not legally sell the vehicle to discharge the debt against it without giving
proper notice to LSI. This it failed to do. We do not believe that the legislature in enacting
section 70.008 intended to deprive a successful litigant of reasonable attorney's fees when a
garageman has rendered return of a vehicle impossible by disposing of it in violation of the very
statute which creates the right to such fees. We hold that LSI, being the prevailing party, was
entitled to attorney's fees under section 70.008 of the Property Code. We overrule Elite's fourth
issue.


Venue

 In its final issue, Elite contends that venue was not proper in this case. However,
Elite has failed to properly preserve this argument. To preserve a complaint for appellate review,
the record must show that the complaint was made to the district court by a timely motion and that
the district court ruled or refused to rule on the motion. See Tex. R. App. P. 33.1(a). This is
necessary so that the reviewing court may determine not only if error occurred, but whether this
error was reasonably calculated to cause and did cause the rendition of an improper judgment. 
See Piotrowski v. Minns, 873 S.W.2d 368, 370 (Tex. 1993); Christiansen v. Prezelski, 782
S.W.2d 842, 843 (Tex. 1990). The record before us does not contain either a motion to transfer
venue or the district court's ruling on same. The docket sheet included in the court's record
reflects such a motion was filed and denied. However, we find no request by Elite to include
either the motion or order in the court's record brought forward to this Court. Therefore, any
objection to venue has been waived.

CONCLUSION

 Having disposed of all of the issues before us, we affirm the district court's
judgment.



 _____________________________________________

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: January 28, 1999

Publish

1. LSI also sued Keshia L. Eubanks and David M. Laney, Commissioner of the Texas
Department of Transportation. The district court's final judgment denied any relief against them. 
That portion of the judgment has not been appealed.
2. See Tex. Prop. Code Ann. § 70.006 (West 1995 & Supp. 1999).
3. The security agreement was initially held by Summit Acceptance Corporation. Summit
assigned its interest to First Bank of the Americas which became the lienholder and secured party
under the agreement.
4. Elite asserts that at the time it sent the notice, Summit Acceptance Corporation was the
lienholder of record.
5. The district court's order reads:


IT IS THEREFORE, ORDERED, ADJUDGED and DECREED that Plaintiff, LSI
FINANCIAL GROUP'S, Motion for Summary judgment against Defendant Elite
Towing, Inc., as to liability, is GRANTED. The issue [sic] of damages and
attorney's fees are reserved for determination at a later date.
6. The summary-judgment proof includes, inter alia, Elite's response to interrogatories and
request for admissions submitted to it by LSI as well as the affidavits of Lissa Ruffin and Robert
Ruffin. Elite states that the vehicle was sold to "Robert Ruffin, Elite Wholesales," while Ruffin
avers that he individually purchased the vehicle. The receipt tendered by Elite after the sale was
to "Elite Wholesales." The specific purchaser is not material to the resolution of this appeal, and
we refer to "Elite Wholesales" as the purchaser merely for convenience.
7. In support of its "one notice" position, Elite directs us to First State Bank v. Arsiaga, 804
S.W.2d 343 (Tex. App.--Eastland 1991, writ denied) and Thompson v. Apollo Paint & Body
Shop, 768 S.W.2d 373 (Tex. App.--Houston [14th Dist.] 1989, writ denied). Neither case is
applicable to the issue regarding notice prior to sale. Arsiaga holds that notice under section
70.006 is not required to perfect a possessory lien. See Arsiaga, 804 S.W.2d at 345. Thompson
holds that actual possession of a vehicle is required to establish a worker's lien. See Thompson,
768 S.W.2d at 376.
8. Dob's Tire & Auto Center involved a worker's lien under section 70.001 of the Property
Code, while Elite claims a garageman's lien as provided in section 70.003. Both cases concern
the proper notice to be given under Property Code section 70.006 before the lienholder may sell
the property subject to the lien.
9. The "lienholder" referred to in this passage is the worker (or garageman), not the holder
of a lien created by a security agreement.
10. A "law enforcement agency" means the Department of Public Safety, the police department
of a municipality, the police department of an institution of higher education, a sheriff or a
constable. See Tex. Transp. Code Ann. § 683.001(3) (West 1998).
11. Mark Armstrong is LSI's attorney in this case, and Carl Lopez is the "Lien Seizure
Specialist" and a custodian of records of LSI.
12. Armstrong testified to the type and value of work he did in this case. Lopez testified about
LSI's reasoning behind hiring an attorney and to the condition of the vehicle
13. Elite broadly asserts, "The affidavit of CARL LOPEZ is based on hearsay and is not
competent summary judgment evidence."
14. See note 7, supra.
15. Scheff even acted as Mosser's notary on the affidavit.
16. See Grissom, 704 S.W.2d at 327 (notice to agent is notice to principal); Bradford v.
McElroy, 746 S.W.2d 294, 295 (Tex. App.--Austin 1988, no writ) (law imputes to principal
whatever is communicated to agent).
17. "Lienholder" in this instance refers to the party holding a lien under a security agreement
and not a lien created by a statute. 
18. See pp. 5-9, supra.


___________________

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: January 28, 1999

Publish

1. LSI also sued Keshia L. Eubanks and David M. Laney, Commissioner of the Texas
Department of Transportation. The district court's final judgment denied any relief against them. 
That portion of the judgment has not been appealed.
2. See Tex. Prop. Code Ann. § 70.006 (West 1995 & Supp. 1999).
3. The security agreement was initially held by Summit Acceptance Corporation. Summit
assigned its interest to First Bank of the Americas which became the lienholder and secured party
under the agreement.
4. Elite asserts that at the time it sent the notice, Summit Acceptance Corporation was the
lienholder of record.
5. The district court's order reads:


IT IS THEREFORE, ORDERED, ADJUDGED and DECREED that Plaintiff, LSI
FINANCIAL GROUP'S, Motion for Summary judgment against Defendant Elite
Towing, Inc., as to liability, is GRANTED. The issue [sic] of damages and
attorney's fees are reserved for determination at a later date.
6. The summary-judgment proof includes, inter alia, Elite's response to interrogatories and
request for admissions submitted to it by LSI as well as the affidavits of Lissa Ruffin and Robert
Ruffin. Elite states that the vehicle was sold to "Robert Ruffin, Elite Wholesales," while Ruffin
avers that he individually purchased the vehicle. The receipt tendered by Elite after the sale was
to "Elite Wholesales." The specific purchaser is not material to the resolution of this appeal, and
we refer to "Elite Wholesales" as the purchaser merely for convenience.
7. In support of its "one notice" position, Elite directs us to First State Bank v. Arsiaga, 804
S.W.2d 343 (Tex. App.--Eastland 1991, writ denied) and Thompson v. Apollo Paint & Body
Shop, 768 S.W.2d 373 (Tex. App.--Houston [14th Dist.] 1989, writ denied). Neither case is
applicable to the issue regarding notice prior to sale. Arsiaga holds that notice under section
70.006 is not required to perfect a possessory lien. See Arsiaga, 804 S.W.2d at 345. Thompson
holds that actual possession of a vehicle is required to establish a worker's lien. See Thompson,
768 S.W.2d at 376.
8. Dob's Tire & Auto Center involved a worker's lien under section 70.001 of the Property
Code, while Elite claims a garageman's lien as provided in section 70.003. Both cases concern
the proper notice to be given under Property Code section 70.006 before the lienholder may sell
the property subject to the lien.
9. The "lienholder" referred to in this passage is the worker (or garageman), not the holder
of a lien created by a security agreement.
10. A "law enforcement agency" means the Department of Public Safety, the police department
of a municipality, the police department of an institution of higher education, a sheriff or a
constable. See Tex. Transp. Code Ann. § 683.001(3) (West 1998).
11. Mark Armstrong is LSI's attorney in this case, and Carl Lopez is the "Lien Seizure
Specialist" and a custodian of records of LSI.
12. Armstrong testified to the type and value of work he did in this case. Lopez testified about
LSI's reasoning behind hiring an attorney and to the condition of the vehicle
13. Elite broadly asserts, "The affidavit of CARL LOPEZ is based on hearsay and is not
competent summary judgment evidence."
14. See note 7, supra.
15. Scheff even acted as Mosser's notary on the affidavit.
16. See Grissom, 704 S.W.2d at 327 (notice to agent is notice to principal); Bradford v.
McElroy, 746 S.W.2d 294, 295 (Tex. App.--Austin 1988, no