NO. 07-02-0393-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 6, 2003

_____

IN THE INTEREST OF KATELYN ANN COOK, CHILD

_____

FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY;

NO. L-2994; HONORABLE JAMES W. ANDERSON, JUDGE

_____

Before JOHNSON, C.J., CAMPBELL, J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

In three issues, appellant Catherine Cook[2] challenges the trial court judgment, after

a bench trial, terminating her parental rights *vis-a-vis* her biological daughter Katelyn Ann

Cook.  In her issues, she argues:  1) the trial court reversibly erred by not excluding

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

[2]The parental rights of Dennis Cook, Katelyn's father, were also terminated in this proceeding, but that portion of the court's order was not appealed.

evidence the Texas Department of Protective and Regulatory Services (the Department) failed to produce in response to appellant's discovery requests; 2) the Department failed to prove by clear and convincing evidence the necessity for termination of appellant's parental rights; and 3) the trial court improperly permitted the Department's witness Katherine Ann Lambeth to testify as an expert when she had not been properly qualified as an expert.  Disagreeing with her challenges, we affirm the judgment of the trial court.

In terminating appellant's parental rights, the trial court found by clear and convincing evidence that the termination would be in the child's best interest because appellant:

6.2.1   engaged in conduct or knowingly placed the child with persons who engaged in conduct which endanger[ed] the physical or emotional well-being of the child;

6.2.2  constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Protective and Regulatory Services or an authorized agency for not less than six months and: 1) the Department or authorized agency has made reasonable efforts to return the child to the mother; 2) the mother has not regularly visited or maintained significant contact with the child; and 3) the mother has demonstrated an inability to provide the child with a safe environment;

6.2.3  failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Protective and Regulatory Services for not less than nine months as a result of the child's removal from the parent . . . for the abuse or neglect of the child.

The statute governing the termination of parental rights is section 161.001 of the Texas Family Code.  Tex. Fam. Code Ann. § 161.001 (Vernon 2002).  It provides that

parental rights may be terminated if the trial court finds by clear and convincing evidence that the parent engaged in one or more of the enumerated acts or omissions and that termination is in the best interest of the child. *Id.* Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *In the Interest of G.M.*, 596 S.W.2d 846, 847 (Tex. 1980).

To determine whether there is legally sufficient evidence, all of the record evidence and inferences therefrom must be viewed in a light most favorable to the findings. *Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998); *In the Interest of L.S.*, 748 S.W.2d 571, 572 (Tex. App.–Amarillo 1988, writ denied). Anything more than a scintilla of evidence is legally sufficient to support the findings. *Formosa Plastics*, 960 S.W.2d at 48.

In considering factual sufficiency questions in cases of this nature, the Texas Supreme Court recently resolved the split previously existing among the courts of appeal as to the standard to be used in determining those questions. *See In the Interest of C.H.*, 89 S.W.3d 17 (Tex. 2002). The court explicated that "the appellate standard for reviewing termination findings is whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *Id.* at 25. In applying that standard, we retain the deference that an appellate court must have for the factfinder's role. *Id.* at 26. That means that we must remember the trier of fact has the authority to weigh the evidence, draw reasonable inferences therefrom, and choose between

3

conflicting inferences. The factfinder, as opposed to the reviewing body, enjoys the right to resolve credibility issues and conflicts within the evidence. It may freely choose to believe all, part, or none of the testimony espoused by any particular witness. *See In the Interest of R.D.S.*, 902 S.W.2d 714, 715 (Tex. App.–Amarillo 1995, no writ). Additionally, the trial court's judgment may be affirmed if the evidence supports any of the grounds it found true and that termination of parental rights would be in the best interest of the child. *In the Interest of D.M.,* 58 S.W.3d 801, 813 (Tex. App.–Fort Worth 2001, no pet.)*.*

Before we can consider the sufficiency of the evidence to sustain the judgment, we must initially dispose of appellant's first and third issue challenges to evidence received by the trial court. In those issues, appellant challenges the testimony of the Department's witness Katherine Ann Lambeth, as well as the admissibility of exhibits received into evidence during the course of her testimony, and whether she was properly qualified to testify as an expert witness.

In *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35 (Tex. 1998), the court enumerated the standards to be applied by us in determining evidentiary challenges. It explained that evidentiary rulings are committed to the trial court's sound discretion and a trial court abuses that discretion when it rules without regard for any guiding rules or principles. *Id.* at 43. An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Id.* Moreover, a trial court may not be reversed for an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment. *Id.; see also* Tex. R. App. P. 44.1(a)(1).

4

Additionally, to preserve a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion with sufficient specificity to make the trial court aware of the grounds for the ruling sought, unless the specific grounds were apparent from the context, and the request, objection, or motion must be pursued to an adverse ruling or to a refusal to rule. Tex. R. App. P. 33.1(a). If a party fails to do this, error is not preserved and the complaint is waived. *See Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991).

Because it is relevant and bears on the question presented in appellant's second issue, we will first discuss her third issue contention that Lambeth was allowed to testify as an expert witness without being properly qualified to do so. Rule 702 of the Texas Rules of Evidence permits a witness qualified as an expert by knowledge, skill, experience, training, or education to testify on scientific, technical, or other specialized subjects if the testimony would assist the trier of fact in understanding the evidence or determining a fact issue. Tex. R. Evid. 702.

Under Rule 104(a) of the Rules of Evidence, whether an expert is qualified is a preliminary question to be decided by the trial court. Tex. R. Evid. 104(a)*; Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 718 (Tex. 1998). A trial court's acceptance of the witness's qualification as an expert is reviewed under an abuse of discretion standard. *Id.* at 718-19. Under that standard, an abuse of discretion only occurs if the trial court acted without reference to any guiding rules and principles. *See E.I. du Pont de Nemours & Co. v. Robinson,* 923 S.W.2d 549, 558 (Tex.1995). The burden is upon the person

offering the expert's testimony to prove the witness is qualified under Rule 702. *Broders v. Heise*, 924 S.W.2d 148, 151 (Tex. 1996).

In measuring the reliability of the proffered testimony, appellant posits that we should use the tests explicated by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), for determining the reliability of expert scientific testimony, including such matters as whether the theory or technique can be or has been tested, whether the theory or technique has been subjected to peer review or publication, the known or potential rate of error, and whether the theory or technique is generally accepted within the relevant scientific community. *See id.* at 593-95. However, in *Gammill,* the court recognized that in non-scientific expert opinions, such as that with which we are concerned, the *Daubert* test may not be appropriate because "[e]xperience alone may provide a sufficient basis for an expert's testimony in some cases. . . ." *Gammill*, 972 S.W.2d at 726. This is such a case.

Lambeth averred she had a master's degree in her field of social work, some 21 years of experience as a social worker, special training in child sexual abuse and forensic interviewing, additional experience in rape counseling and in domestic violence, and had investigated and/or managed over 1,000 cases of child abuse and neglect. Under this record, we cannot say the trial court abused its discretion in allowing Lambeth to testify as an expert. Appellant's third issue is overruled.

Under her first issue, appellant initially objected to Lambeth's testimony in its totality because she was not a personal witness to "all that she testified to, but instead in her duties as case manager relied upon the investigative reports of others when she was making decisions, recommendations and testifying." Parenthetically, appellant's complaint recognizes that at least portions of Lambeth's testimony were based upon her personal knowledge. Appellant does not deny that Lambeth was listed by the Department as one of its fact witnesses. Moreover, appellant's trial objections were directed to the admission of certain records and to the portions of her testimony relating to those records. For these reasons, appellant's objection to Lambeth's testimony *in its totality* is not well taken and is not supported by the record.

We next must consider appellant's challenges to the court's rulings on the admission of the records and Lambeth's testimony from those records. Those objections are based upon an alleged failure of the Department to list the records in its response to appellant's pretrial discovery requests. However, appellant's discovery requests and the Department's responses are not in the record before us.

It has long been the rule in this state that the burden is on the party appealing from a judgment to see that a sufficient record is presented to show error requiring reversal. *See* former Tex. R. App. P. 50(d) (repealed September 1, 1997); *Bryant v. United Shortline Inc. Assur. Servs., N.A.,* 972 S.W.2d 26, 31 (Tex. 1998); *In re Marriage of Spiegel*, 6 S.W.3d 643, 646 (Tex. App.–Amarillo 1999, no pet.); *Dob's Tire and Auto Center v. Safeway Ins. Agency*, 923 S.W.2d 715, 720 (Tex. App.–Houston [1st Dist.] 1996, writ

7

dismissed w.o.j.). However, effective September 1, 1997, Rule of Appellate Procedure 34.5 became effective. That rule specified that certain items must be included in the clerk's record in the absence of other designation by the parties. *See* Tex. R. App. P. 34.5(a) (1-12). Nevertheless, discovery requests and responses thereto are not among those listed in Rule 34.5, and appellant made no designation or request that they be included in the record. Inasmuch as those items are not before us for our review, we must presume that the trial court did not reversibly err in admitting the records in question, as well as the portions of Lambeth's testimony relating to those records. Appellant's first issue is overruled.

We now consider appellant's second issue in which she contends that the Department failed to prove by clear and convincing evidence that her parental rights should be terminated. We have listed above the standards by which we determine that challenge. Parenthetically, because appellant did not request findings of fact and conclusions of law, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984).

The trial evidence is sufficient to justify the trial court, as the factfinder who resolves conflicts in the evidence and assesses credibility of the witnesses, in concluding:

1. That Dennis Cook was the father of appellant and that he sexually molested appellant when she was a child.

2. That as an adult, appellant sought out Dennis and entered into an incestuous relationship with him.

8

3.  That appellant maintained her incestuous relationship with her father both before and after Katelyn was born.

4.  That after the birth of Katelyn, appellant conceived a second child by her father.

5.  That appellant continued to live with her father and Katelyn even after he told her he was required to register as a sex offender.

6.  That she continued to live with her father and keep Katelyn with her even after her father had told her he wanted Katelyn to be involved in an incestuous relationship when she got older.

7.  That about one month after Katelyn's birth, the child was admitted to the hospital for failure to thrive.

8.  That after the child's release from the hospital, appellant failed to properly feed Katelyn because she could not stay awake during feedings and appellant failed to provide her the necessary food to enable her to gain weight.

9.  That appellant had allowed Katelyn to live with a couple who had previously had their children removed from their home by the Missouri Child Protective Services Agency.

10. That even after receiving counseling and parenting classes, appellant did not pay court ordered child support payments, did not make many of her appointments for psychological evaluation, did not maintain proper hygiene for the child, and did not properly store and preserve food for the child.

The evidence was sufficient to justify the judgment of the trial court. Appellant's second issue is overruled.

In sum, all of appellant's issues are overruled, and the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice

9