NO. 07-04-0469-CR


 NO. 07-04-0470-CR

 NO. 07-04-0471-CR

 NO. 07-04-0472-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 8, 2005


______________________________



STEVEN EDWARD BEDFORD, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NOS. 48,667-E, 48,668-E, 48,669-E and 48,670-E;


HON. ABE LOPEZ, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Appellant Steven Edward Bedford appeals from his convictions for aggravated
assault with a deadly weapon. The convictions were based on his guilty pleas, which pleas
were entered after the trial court refused to grant him leave to voir dire the jury venire about
"mental health issues and jurors' experience" with same. Counsel for the defense told the
trial court that she "would like to know if jurors have any experience in their life dealing with
people who suffer from depression or suicide attempts." The two issues now before us
concern the trial court's decision and trial counsel's effectiveness. That is, appellant
contends that the court abused its discretion when it refused to allow the voir dire and that
his counsel was ineffective because she failed to preserve the matter for appellate review. 
We affirm the judgments.

 Issue One - Leave to Voir Dire

 Though appellant informed the judge of the particular topic he sought to develop, no
record was made of the specific questions he proposed to ask. That is needed to preserve
any complaint one may have about a trial court's restriction of voir dire. See Caldwell v.
State, 818 S.W.2d 790, 793-94 (Tex. Crim. App. 1991), overruled on other grounds by
Castillo v. State, 913 S.W.2d 529 (Tex. Crim. App. 1995) (holding that one preserves his
complaint about being unable to ask questions during voir dire by presenting the specific
question to the trial court and obtaining an adverse ruling); Dhillon v. State, 138 S.W.3d
583, 589 (Tex. App.- Houston [14th Dist.] 2004, pet. dism'd) (stating that a question that is
vague or broad is not proper and fails to preserve error); Aquino v. State, 710 S.W.2d 747,
752 (Tex. App.-Houston [14th Dist.] 1986, pet. ref'd) (holding that error was waived since
the defendant failed to make a bill of exceptions as to the questions he wished to pose to
the prospective juror). Given that the record lacks the specific questions appellant sought
to ask, issue one is waived.

 Issue Two - Effective Assistance

 We next address appellant's claim that his trial attorney rendered ineffective
assistance. Though the gist of the issue tends to involve the failure to preserve complaint
about the restriction of voir dire, he also talks about the trial court's purported decision to
exclude the evidence of appellant's alleged mental problems. We, therefore, will address
both topics.

 The applicable standard of review is well-settled and discussed in such cases as 
Ex parte Nailor, 149 S.W.3d 125 (Tex. Crim. App. 2004) and Bone v. State, 77 S.W.3d 828
(Tex. Crim. App. 2002). Those cases inform us that one raising the claim must establish
both that his counsel was deficient and that the deficiency was prejudicial. Bone v. State,
77 S.W.3d at 833. Furthermore, it is clear that the claim must be firmly founded in the
record. Ex parte Nailor, 149 S.W.3d at 130.

 In applying the aforementioned standard to the question of whether appellant failed
to preserve error viz the decision to exclude evidence, we note that the trial court did not
rule that the evidence would be excluded. It simply granted the State's motion in limine,
and in that motion, the State merely sought an order requiring the parties to approach the
bench before evidence of mental illness was proffered. The trial court's decision fell far
short of one holding that the evidence was inadmissible. So, because the evidence had
not been ruled inadmissible, trial counsel cannot be held ineffective for failing to preserve
complaint about something that never happened.

 As to the matter of voir dire, we are again informed of no specific questions that 
appellant sought to ask the jury. This is fatal given the nature of the complaint. While
certain topics may be fair game in voir dire, the manner in which they are broached may
nonetheless be objectionable. See e.g., Barajas v. State, 93 S.W.3d 36, 38-39 (Tex. Crim.
App. 2002) (noting that while the potential for bias is a legitimate subject for voir dire, a
litigant cannot inquire into that potentiality through questions seeking commitments for the
venire members). So, without a hint from appellant about what specific questions, if any,
an effective attorney could and should have asked, we cannot analyze whether trial counsel
actually erred. So, we overrule this issue as well.

 Having overruled each issue, we affirm the judgments of the trial court.


 Brian Quinn 

 Chief Justice


Do not publish. 



rounds it
found true and that termination of parental rights would be in the best interest of the child. 
In the Interest of D.M., 58 S.W.3d 801, 813 (Tex. App.-Fort Worth 2001, no pet.). 

 Before we can consider the sufficiency of the evidence to sustain the judgment, we
must initially dispose of appellant's first and third issue challenges to evidence received by
the trial court. In those issues, appellant challenges the testimony of the Department's
witness Katherine Ann Lambeth, as well as the admissibility of exhibits received into
evidence during the course of her testimony, and whether she was properly qualified to
testify as an expert witness.

 In Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35 (Tex. 1998), the court
enumerated the standards to be applied by us in determining evidentiary challenges. It
explained that evidentiary rulings are committed to the trial court's sound discretion and a
trial court abuses that discretion when it rules without regard for any guiding rules or
principles. Id. at 43. An appellate court must uphold the trial court's evidentiary ruling if
there is any legitimate basis for the ruling. Id. Moreover, a trial court may not be reversed
for an erroneous evidentiary ruling unless the error probably caused the rendition of an
improper judgment. Id.; see also Tex. R. App. P. 44.1(a)(1). 

 Additionally, to preserve a complaint for appellate review, the record must show that
the complaint was made to the trial court by a timely request, objection, or motion with
sufficient specificity to make the trial court aware of the grounds for the ruling sought,
unless the specific grounds were apparent from the context, and the request, objection, or
motion must be pursued to an adverse ruling or to a refusal to rule. Tex. R. App. P.
33.1(a). If a party fails to do this, error is not preserved and the complaint is waived. See
Bushell v. Dean, 803 S.W.2d 711, 712 (Tex. 1991).

 Because it is relevant and bears on the question presented in appellant's second
issue, we will first discuss her third issue contention that Lambeth was allowed to testify
as an expert witness without being properly qualified to do so. Rule 702 of the Texas
Rules of Evidence permits a witness qualified as an expert by knowledge, skill, experience,
training, or education to testify on scientific, technical, or other specialized subjects if the
testimony would assist the trier of fact in understanding the evidence or determining a fact
issue. Tex. R. Evid. 702.

 Under Rule 104(a) of the Rules of Evidence, whether an expert is qualified is a
preliminary question to be decided by the trial court. Tex. R. Evid. 104(a); Gammill v. Jack
Williams Chevrolet, Inc., 972 S.W.2d 713, 718 (Tex. 1998). A trial court's acceptance of
the witness's qualification as an expert is reviewed under an abuse of discretion standard. 
Id. at 718-19. Under that standard, an abuse of discretion only occurs if the trial court
acted without reference to any guiding rules and principles. See E.I. du Pont de Nemours
& Co. v. Robinson, 923 S.W.2d 549, 558 (Tex.1995). The burden is upon the person
offering the expert's testimony to prove the witness is qualified under Rule 702. Broders
v. Heise, 924 S.W.2d 148, 151 (Tex. 1996).

 In measuring the reliability of the proffered testimony, appellant posits that we
should use the tests explicated by the Supreme Court in Daubert v. Merrell Dow
Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), for
determining the reliability of expert scientific testimony, including such matters as whether
the theory or technique can be or has been tested, whether the theory or technique has
been subjected to peer review or publication, the known or potential rate of error, and
whether the theory or technique is generally accepted within the relevant scientific
community. See id. at 593-95. However, in Gammill, the court recognized that in non-scientific expert opinions, such as that with which we are concerned, the Daubert test may
not be appropriate because "[e]xperience alone may provide a sufficient basis for an
expert's testimony in some cases. . . ." Gammill, 972 S.W.2d at 726. This is such a case.

 Lambeth averred she had a master's degree in her field of social work, some 21
years of experience as a social worker, special training in child sexual abuse and forensic
interviewing, additional experience in rape counseling and in domestic violence, and had
investigated and/or managed over 1,000 cases of child abuse and neglect. Under this
record, we cannot say the trial court abused its discretion in allowing Lambeth to testify as
an expert. Appellant's third issue is overruled.

 Under her first issue, appellant initially objected to Lambeth's testimony in its totality
because she was not a personal witness to "all that she testified to, but instead in her
duties as case manager relied upon the investigative reports of others when she was
making decisions, recommendations and testifying." Parenthetically, appellant's complaint
recognizes that at least portions of Lambeth's testimony were based upon her personal
knowledge. Appellant does not deny that Lambeth was listed by the Department as one
of its fact witnesses. Moreover, appellant's trial objections were directed to the admission
of certain records and to the portions of her testimony relating to those records. For these
reasons, appellant's objection to Lambeth's testimony in its totality is not well taken and
is not supported by the record. 

 We next must consider appellant's challenges to the court's rulings on the
admission of the records and Lambeth's testimony from those records. Those objections
are based upon an alleged failure of the Department to list the records in its response to
appellant's pretrial discovery requests. However, appellant's discovery requests and the
Department's responses are not in the record before us. 

 It has long been the rule in this state that the burden is on the party appealing from
a judgment to see that a sufficient record is presented to show error requiring reversal. 
See former Tex. R. App. P. 50(d) (repealed September 1, 1997); Bryant v. United Shortline
Inc. Assur. Servs., N.A., 972 S.W.2d 26, 31 (Tex. 1998); In re Marriage of Spiegel, 6
S.W.3d 643, 646 (Tex. App.-Amarillo 1999, no pet.); Dob's Tire and Auto Center v.
Safeway Ins. Agency, 923 S.W.2d 715, 720 (Tex. App.-Houston [1st Dist.] 1996, writ
dismissed w.o.j.). However, effective September 1, 1997, Rule of Appellate Procedure
34.5 became effective. That rule specified that certain items must be included in the
clerk's record in the absence of other designation by the parties. See Tex. R. App. P.
34.5(a) (1-12). Nevertheless, discovery requests and responses thereto are not among
those listed in Rule 34.5, and appellant made no designation or request that they be
included in the record. Inasmuch as those items are not before us for our review, we must
presume that the trial court did not reversibly err in admitting the records in question, as
well as the portions of Lambeth's testimony relating to those records. Appellant's first issue
is overruled.

 We now consider appellant's second issue in which she contends that the
Department failed to prove by clear and convincing evidence that her parental rights should
be terminated. We have listed above the standards by which we determine that challenge.
Parenthetically, because appellant did not request findings of fact and conclusions of law,
the judgment of the trial court must be affirmed if it can be upheld on any legal theory that
finds support in the evidence. In the Interest of W.E.R., 669 S.W.2d 716, 717 (Tex. 1984).

 The trial evidence is sufficient to justify the trial court, as the factfinder who resolves
conflicts in the evidence and assesses credibility of the witnesses, in concluding:

 1. That Dennis Cook was the father of appellant and that he sexually
molested appellant when she was a child.


 2. That as an adult, appellant sought out Dennis and entered into an
incestuous relationship with him.

 

 3. That appellant maintained her incestuous relationship with her father both
before and after Katelyn was born.


 4. That after the birth of Katelyn, appellant conceived a second child by her
father.


 5. That appellant continued to live with her father and Katelyn even after he
told her he was required to register as a sex offender.


 6. That she continued to live with her father and keep Katelyn with her even
after her father had told her he wanted Katelyn to be involved in an
incestuous relationship when she got older.


 7. That about one month after Katelyn's birth, the child was admitted to the
hospital for failure to thrive.


 8. That after the child's release from the hospital, appellant failed to properly
feed Katelyn because she could not stay awake during feedings and 
appellant failed to provide her the necessary food to enable her to gain
weight.


 9. That appellant had allowed Katelyn to live with a couple who had
previously had their children removed from their home by the Missouri Child
Protective Services Agency.

 

 10. That even after receiving counseling and parenting classes, appellant did
not pay court ordered child support payments, did not make many of her
appointments for psychological evaluation, did not maintain proper hygiene
for the child, and did not properly store and preserve food for the child.


 The evidence was sufficient to justify the judgment of the trial court. Appellant's
second issue is overruled.

 In sum, all of appellant's issues are overruled, and the judgment of the trial court is
affirmed.


 John T. Boyd

 Senior Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. The parental rights of Dennis Cook, Katelyn's father, were also terminated in this
proceeding, but that portion of the court's order was not appealed.