NO. 07-02-0393-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 6, 2003



______________________________




IN THE INTEREST OF KATELYN ANN COOK, CHILD




_________________________________



FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY;



NO. L-2994; HONORABLE JAMES W. ANDERSON, JUDGE



_______________________________



Before JOHNSON, C.J., CAMPBELL, J., and BOYD, S.J. (1)

MEMORANDUM OPINION

 In three issues, appellant Catherine Cook (2) challenges the trial court judgment, after
a bench trial, terminating her parental rights vis-a-vis her biological daughter Katelyn Ann
Cook. In her issues, she argues: 1) the trial court reversibly erred by not excluding
evidence the Texas Department of Protective and Regulatory Services (the Department)
failed to produce in response to appellant's discovery requests; 2) the Department failed
to prove by clear and convincing evidence the necessity for termination of appellant's
parental rights; and 3) the trial court improperly permitted the Department's witness
Katherine Ann Lambeth to testify as an expert when she had not been properly qualified
as an expert. Disagreeing with her challenges, we affirm the judgment of the trial court.

 In terminating appellant's parental rights, the trial court found by clear and
convincing evidence that the termination would be in the child's best interest because
appellant:

 6.2.1 engaged in conduct or knowingly placed the child with persons who 
engaged in conduct which endanger[ed] the physical or emotional well-being
of the child;


 6.2.2 constructively abandoned the child who has been in the permanent or
temporary managing conservatorship of the Department of Protective and
Regulatory Services or an authorized agency for not less than six months
and: 1) the Department or authorized agency has made reasonable efforts
to return the child to the mother; 2) the mother has not regularly visited or
maintained significant contact with the child; and 3) the mother has
demonstrated an inability to provide the child with a safe environment;


 6.2.3 failed to comply with the provisions of a court order that specifically
established the actions necessary for the mother to obtain the return of the
child who has been in the permanent or temporary managing
conservatorship of the Department of Protective and Regulatory Services for
not less than nine months as a result of the child's removal from the parent
. . . for the abuse or neglect of the child.


 The statute governing the termination of parental rights is section 161.001 of the
Texas Family Code. Tex. Fam. Code Ann. § 161.001 (Vernon 2002). It provides that
parental rights may be terminated if the trial court finds by clear and convincing evidence
that the parent engaged in one or more of the enumerated acts or omissions and that 
termination is in the best interest of the child. Id. Clear and convincing evidence is "that
measure or degree of proof which will produce in the mind of the trier of fact a firm belief
or conviction as to the truth of the allegations sought to be established." In the Interest of 
G.M., 596 S.W.2d 846, 847 (Tex. 1980).

 To determine whether there is legally sufficient evidence, all of the record evidence
and inferences therefrom must be viewed in a light most favorable to the findings. 
Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc., 960 S.W.2d 41, 48
(Tex. 1998); In the Interest of L.S., 748 S.W.2d 571, 572 (Tex. App.-Amarillo 1988, writ
denied). Anything more than a scintilla of evidence is legally sufficient to support the
findings. Formosa Plastics, 960 S.W.2d at 48.

 In considering factual sufficiency questions in cases of this nature, the Texas
Supreme Court recently resolved the split previously existing among the courts of appeal
as to the standard to be used in determining those questions. See In the Interest of C.H.,
89 S.W.3d 17 (Tex. 2002). The court explicated that "the appellate standard for reviewing
termination findings is whether the evidence is such that a factfinder could reasonably form
a firm belief or conviction about the truth of the State's allegations." Id. at 25. In applying
that standard, we retain the deference that an appellate court must have for the factfinder's
role. Id. at 26. That means that we must remember the trier of fact has the authority to
weigh the evidence, draw reasonable inferences therefrom, and choose between
conflicting inferences. The factfinder, as opposed to the reviewing body, enjoys the right
to resolve credibility issues and conflicts within the evidence. It may freely choose to
believe all, part, or none of the testimony espoused by any particular witness. See In the
Interest of R.D.S., 902 S.W.2d 714, 715 (Tex. App.-Amarillo 1995, no writ). Additionally,
the trial court's judgment may be affirmed if the evidence supports any of the grounds it
found true and that termination of parental rights would be in the best interest of the child. 
In the Interest of D.M., 58 S.W.3d 801, 813 (Tex. App.-Fort Worth 2001, no pet.). 

 Before we can consider the sufficiency of the evidence to sustain the judgment, we
must initially dispose of appellant's first and third issue challenges to evidence received by
the trial court. In those issues, appellant challenges the testimony of the Department's
witness Katherine Ann Lambeth, as well as the admissibility of exhibits received into
evidence during the course of her testimony, and whether she was properly qualified to
testify as an expert witness.

 In Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35 (Tex. 1998), the court
enumerated the standards to be applied by us in determining evidentiary challenges. It
explained that evidentiary rulings are committed to the trial court's sound discretion and a
trial court abuses that discretion when it rules without regard for any guiding rules or
principles. Id. at 43. An appellate court must uphold the trial court's evidentiary ruling if
there is any legitimate basis for the ruling. Id. Moreover, a trial court may not be reversed
for an erroneous evidentiary ruling unless the error probably caused the rendition of an
improper judgment. Id.; see also Tex. R. App. P. 44.1(a)(1). 

 Additionally, to preserve a complaint for appellate review, the record must show that
the complaint was made to the trial court by a timely request, objection, or motion with
sufficient specificity to make the trial court aware of the grounds for the ruling sought,
unless the specific grounds were apparent from the context, and the request, objection, or
motion must be pursued to an adverse ruling or to a refusal to rule. Tex. R. App. P.
33.1(a). If a party fails to do this, error is not preserved and the complaint is waived. See
Bushell v. Dean, 803 S.W.2d 711, 712 (Tex. 1991).

 Because it is relevant and bears on the question presented in appellant's second
issue, we will first discuss her third issue contention that Lambeth was allowed to testify
as an expert witness without being properly qualified to do so. Rule 702 of the Texas
Rules of Evidence permits a witness qualified as an expert by knowledge, skill, experience,
training, or education to testify on scientific, technical, or other specialized subjects if the
testimony would assist the trier of fact in understanding the evidence or determining a fact
issue. Tex. R. Evid. 702.

 Under Rule 104(a) of the Rules of Evidence, whether an expert is qualified is a
preliminary question to be decided by the trial court. Tex. R. Evid. 104(a); Gammill v. Jack
Williams Chevrolet, Inc., 972 S.W.2d 713, 718 (Tex. 1998). A trial court's acceptance of
the witness's qualification as an expert is reviewed under an abuse of discretion standard. 
Id. at 718-19. Under that standard, an abuse of discretion only occurs if the trial court
acted without reference to any guiding rules and principles. See E.I. du Pont de Nemours
& Co. v. Robinson, 923 S.W.2d 549, 558 (Tex.1995). The burden is upon the person
offering the expert's testimony to prove the witness is qualified under Rule 702. Broders
v. Heise, 924 S.W.2d 148, 151 (Tex. 1996).

 In measuring the reliability of the proffered testimony, appellant posits that we
should use the tests explicated by the Supreme Court in Daubert v. Merrell Dow
Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), for
determining the reliability of expert scientific testimony, including such matters as whether
the theory or technique can be or has been tested, whether the theory or technique has
been subjected to peer review or publication, the known or potential rate of error, and
whether the theory or technique is generally accepted within the relevant scientific
community. See id. at 593-95. However, in Gammill, the court recognized that in non-scientific expert opinions, such as that with which we are concerned, the Daubert test may
not be appropriate because "[e]xperience alone may provide a sufficient basis for an
expert's testimony in some cases. . . ." Gammill, 972 S.W.2d at 726. This is such a case.

 Lambeth averred she had a master's degree in her field of social work, some 21
years of experience as a social worker, special training in child sexual abuse and forensic
interviewing, additional experience in rape counseling and in domestic violence, and had
investigated and/or managed over 1,000 cases of child abuse and neglect. Under this
record, we cannot say the trial court abused its discretion in allowing Lambeth to testify as
an expert. Appellant's third issue is overruled.

 Under her first issue, appellant initially objected to Lambeth's testimony in its totality
because she was not a personal witness to "all that she testified to, but instead in her
duties as case manager relied upon the investigative reports of others when she was
making decisions, recommendations and testifying." Parenthetically, appellant's complaint
recognizes that at least portions of Lambeth's testimony were based upon her personal
knowledge. Appellant does not deny that Lambeth was listed by the Department as one
of its fact witnesses. Moreover, appellant's trial objections were directed to the admission
of certain records and to the portions of her testimony relating to those records. For these
reasons, appellant's objection to Lambeth's testimony in its totality is not well taken and
is not supported by the record. 

 We next must consider appellant's challenges to the court's rulings on the
admission of the records and Lambeth's testimony from those records. Those objections
are based upon an alleged failure of the Department to list the records in its response to
appellant's pretrial discovery requests. However, appellant's discovery requests and the
Department's responses are not in the record before us. 

 It has long been the rule in this state that the burden is on the party appealing from
a judgment to see that a sufficient record is presented to show error requiring reversal. 
See former Tex. R. App. P. 50(d) (repealed September 1, 1997); Bryant v. United Shortline
Inc. Assur. Servs., N.A., 972 S.W.2d 26, 31 (Tex. 1998); In re Marriage of Spiegel, 6
S.W.3d 643, 646 (Tex. App.-Amarillo 1999, no pet.); Dob's Tire and Auto Center v.
Safeway Ins. Agency, 923 S.W.2d 715, 720 (Tex. App.-Houston [1st Dist.] 1996, writ
dismissed w.o.j.). However, effective September 1, 1997, Rule of Appellate Procedure
34.5 became effective. That rule specified that certain items must be included in the
clerk's record in the absence of other designation by the parties. See Tex. R. App. P.
34.5(a) (1-12). Nevertheless, discovery requests and responses thereto are not among
those listed in Rule 34.5, and appellant made no designation or request that they be
included in the record. Inasmuch as those items are not before us for our review, we must
presume that the trial court did not reversibly err in admitting the records in question, as
well as the portions of Lambeth's testimony relating to those records. Appellant's first issue
is overruled.

 We now consider appellant's second issue in which she contends that the
Department failed to prove by clear and convincing evidence that her parental rights should
be terminated. We have listed above the standards by which we determine that challenge.
Parenthetically, because appellant did not request findings of fact and conclusions of law,
the judgment of the trial court must be affirmed if it can be upheld on any legal theory that
finds support in the evidence. In the Interest of W.E.R., 669 S.W.2d 716, 717 (Tex. 1984).

 The trial evidence is sufficient to justify the trial court, as the factfinder who resolves
conflicts in the evidence and assesses credibility of the witnesses, in concluding:

 1. That Dennis Cook was the father of appellant and that he sexually
molested appellant when she was a child.


 2. That as an adult, appellant sought out Dennis and entered into an
incestuous relationship with him.

 

 3. That appellant maintained her incestuous relationship with her father both
before and after Katelyn was born.


 4. That after the birth of Katelyn, appellant conceived a second child by her
father.


 5. That appellant continued to live with her father and Katelyn even after he
told her he was required to register as a sex offender.


 6. That she continued to live with her father and keep Katelyn with her even
after her father had told her he wanted Katelyn to be involved in an
incestuous relationship when she got older.


 7. That about one month after Katelyn's birth, the child was admitted to the
hospital for failure to thrive.


 8. That after the child's release from the hospital, appellant failed to properly
feed Katelyn because she could not stay awake during feedings and 
appellant failed to provide her the necessary food to enable her to gain
weight.


 9. That appellant had allowed Katelyn to live with a couple who had
previously had their children removed from their home by the Missouri Child
Protective Services Agency.

 

 10. That even after receiving counseling and parenting classes, appellant did
not pay court ordered child support payments, did not make many of her
appointments for psychological evaluation, did not maintain proper hygiene
for the child, and did not properly store and preserve food for the child.


 The evidence was sufficient to justify the judgment of the trial court. Appellant's
second issue is overruled.

 In sum, all of appellant's issues are overruled, and the judgment of the trial court is
affirmed.


 John T. Boyd

 Senior Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. The parental rights of Dennis Cook, Katelyn's father, were also terminated in this
proceeding, but that portion of the court's order was not appealed. 


 

Appellant
Jose Luis Roque filed a notice of appeal on February
1, 2010.  However, he did not pay the
required filing fee of $175.  See Tex. R. App. P. 5 & Appendix.  By letter of February 3, we informed appellant
that failure to pay the filing fee within ten days of the letter might result
in dismissal according to Rule of Appellate Procedure 42.3(c).  Tex. R. App. P. 42.3(c).  The deadline passed without payment of the
filing fee.

            Finding appellant has
not paid the filing fee required by rule, and finding that we have given notice
to all parties, we dismiss the appeal pursuant to Rule 42.3(c).

            

It
is so ordered.

 

            

                                                                                                James
T. Campbell

                                                                                                            Justice