Opinion issued April 6, 2006
     













In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00843-CV




DANA LEJUNE and TAMMY LEJUNE, Appellants

V.

DENNIS POW-SANG, Appellee




On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 98-51193A


 

OPINION ON REHEARING
          On November 23, 2005, this Court issued its opinion and judgment in this
cause. Appellants, Dana LeJune and Tammy LeJune, have filed a motion for
rehearing, to which appellee, Dennis Pow-Sang, has responded. After due
consideration, we grant the rehearing motion, withdraw our November 23, 2005
opinion and judgment, and issue this opinion and judgment in their stead. However,
the disposition remains unchanged.
          The LeJunes appeal from a final judgment awarding sanctions rendered under
chapter 10 of the Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem.
Code Ann. §§ 10.001–.006 (Vernon 2002). The trial court ordered the LeJunes to
pay the attorney’s fees and court costs of appellee, Dennis Pow-Sang, as sanctions. 
See Tex. Civ. Prac. & Rem. Code Ann. § 10.004(c)(3) (Vernon 2002) (“A sanction
may include any of the following: . . . (3) an order to pay to the other party the
amount of the reasonable expenses incurred by the other party because of the filing
of the pleading or motion, including reasonable attorney’s fees.”). We determine (1)
whether the trial court’s award of some sanctions against the LeJunes, rather than
against their attorneys, rendered the order void in part; (2) whether the trial court
abused its discretion in granting Pow-Sang’s motion for sanctions based on affidavit
evidence; (3) whether the LeJunes received due process of law by being given notice
of and a reasonable opportunity to respond to the sanctions allegations; and (4)
whether the trial court’s sanctions order adequately explained the sanctions’ bases. 
We affirm.
 
 
                                                             Facts
          On March 26, 1997, the LeJunes contracted with Yigal Kass for the
construction of their home. After a dispute arose, Kass filed a mechanics and
materialmens’ lien. Pow-Sang notarized Kass’s lien affidavit.
          The LeJunes sued Kass, Pow-Sang, and Pow-Sang’s surety, Universal Surety
of America, in October 1998. The LeJunes’ sole allegation against Pow-Sang was
that he had violated his notary duties by acknowledging Kass’s signature on a lien
affidavit for a matter in which Pow-Sang allegedly had a pecuniary interest, due to
his having been Kass’s “spouse” (the LeJunes, as do we, used quotation marks in
their petition) and the real-estate broker for the sale of the lot and the home to the
LeJunes.
          On November 13, 1998, Pow-Sang answered and counter-claimed, seeking
sanctions under Chapter 10 of the Civil Practice and Remedies Code and under Rule
of Civil Procedure 13 for the filing of frivolous pleadings. See Tex. Civ. Prac. Rem.
Code Ann. §§10.001–.006; Tex. R. Civ. P. 13. The LeJunes non-suited their claims
against Pow-Sang and the surety on January 11, 1999. On March 31, 1999, Pow-Sang moved for sanctions against the LeJunes under both chapter 10 and rule 13.
          On September 30, 1999, after having held an oral hearing in June of that year,
the trial court granted Pow-Sang’s motion for sanctions, assessing sanctions against
the LeJunes and their attorney’s firm, LeJune & Singer, which was also Mr. LeJune’s
firm. That order required the LeJunes and LeJune & Singer each to pay half of Pow-Sang’s attorney’s fees and costs for trial: $3,835.50 in fees and $263.00 in costs, for
a total of $4,098.50. On March 29, 2001, the trial court severed Pow-Sang’s counter-claim for sanctions against the LeJunes from the suit’s remaining claims. Pow-Sang
later moved for entry of judgment in the severed cause, adding a request to increase
the sanctions by his estimated appellate attorney’s fees should the LeJunes pursue an
unsuccessful appeal. On June 24, 2004, the trial court signed a final judgment in the
severed cause, awarding Pow-Sang monetary sanctions under chapter 10 in the
amount of his trial costs and attorney’s fees (together $4,098.50) and awarding him
appellate attorney’s fees contingent upon an unsuccessful appeal by the LeJunes
($7,500 for an appeal to the court of appeals, and $5,000 for an appeal to the Texas
Supreme Court). Unlike the sanctions order, the final judgment awarded all of the
sanctions against only the LeJunes, not against their attorneys.
Standard of Review 
          We review a sanctions order for abuse of discretion. Finlay v. Olive, 77
S.W.3d 520, 524 (Tex. App.—Houston [1st Dist.] 2002, no pet.). A trial court abuses
its discretion if it acts without reference to any guiding rules and principles. Id. One
who asserts that the trial court abused its discretion “labors under a heavy burden.” 
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). 
 
Sanctions Under Chapter 10
          In issues one, two, four, and six, the LeJunes complain that the trial court
abused its discretion in awarding sanctions to Pow-Sang.


 
A.      The Law and the Sanctions Order
          Civil Practice and Remedies Code section 10.001 provides, in pertinent part,
as follows:
The signing of a pleading or motion as required by the Texas Rules of
Civil Procedure constitutes a certificate by the signatory that to the
signatory’s best knowledge, information, and belief, formed after
reasonable inquiry:
 
(1)the pleading or motion is not being presented for any improper
purpose, including to harass or to cause unnecessary delay or
needless increase in the cost of litigation;
 
(2)each claim, defense, or other legal contention in the pleading or
motion is warranted by existing law or by a nonfrivolous
argument for the extension, modification, or reversal of existing
law or the establishment of new law; [and]
 
(3)each allegation or other factual contention in the pleading or
motion has evidentiary support or, for a specifically identified
allegation or factual contention, is likely to have evidentiary
support after a reasonable opportunity for further investigation or
discovery. . . .

Tex. Civ. Prac. & Rem. Code Ann. § 10.001. “A court that determines that a person
has signed a pleading or motion in violation of Section 10.001 may impose a sanction
on the person, a party represented by the person, or both.” Id. § 10.004(a) (Vernon
2002).
          The trial court’s sanctions order, which was incorporated by reference into the
final judgment, provided in pertinent part:
A.Conduct of [the LeJunes] the Court Finds to Have Violated Tex.
Civ. Prac. & Rem. Code Ann. § 10.001
 
1.[The LeJunes] brought their suit against [Pow-Sang] for an
improper purpose, to harass and threaten Defendants with scurrilous and
unproved allegations regarding extremely private, personal matters that
have nothing to do with [the LeJunes’] claims of construction defects in
their home, but which allegations were calculated to bully Defendants
into settling in order to avoid embarrassment. See Tex. Civ. Prac. &
Rem. Code Ann. § 10.001(1).
 
2.[The LeJunes’] claim that male co-defendants Pow-Sang
and Yigal Kass were “spouses,” upon which [the LeJunes’] suit against
Pow-Sang was affirmatively predicated, was not warranted by existing
law or by any non-frivolous argument for the extension, modification or
reversal of existing law. See Tex. Civ. Prac. & Rem. Code Ann. §
10.001(2).


 
3.[The LeJunes’] claim that they were damaged by Pow-Sang’s notarizing Yigal Kass’s signature on a lien affidavit had no
evidentiary support—nor was it likely to ever have evidentiary
support—because the notarized signature’s authenticity was never in
dispute. [The LeJunes’] damages, if any, flowed from the substantive
act of signing or filing the lien affidavit—which acts were performed by
another—not from Pow-Sang’s ministerial act of notarizing a signature
thereon. Without the necessary element of causation, [the LeJunes’]
claims against Pow-Sang could never have had evidentiary support. 
Tex. Civ. Prac. & Rem. Code Ann. § 10.001(3).
 
B.Basis [sic] for Sanctions Imposed
 
4.Because [the LeJunes’] suit against Pow-Sang was brought
for purposes of harassment and intimidation, and because [the LeJunes’]
allegation that they were damaged by Pow-Sang’s notarization of a
genuine signature on an affidavit had no evidentiary support, and was
unlikely to ever have any evidentiary support, [the LeJunes] are subject
to sanction under Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001(1),
10.001(3).

 
5.Because the claims in [the LeJunes’] pleadings that male
Co-Defendants [Pow-Sang] and Yigal Kass were “spouses” was not
warranted by existing law or by a non-frivolous argument for the
extension, modification, or reversal of existing law, or the establishment
of new law, [the LeJunes’] attorneys, LeJune & Singer, are subject to
sanction under Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001(2),
10.004(d).
 
6.Because [the LeJunes] did not show due diligence in
investigating the law and facts before filing their groundless, frivolous
suit against Pow-Sang, the Court may award Pow-Sang all costs for
inconvenience, harassment, and out-of-pocket expenses incurred or
caused by the subject litigation. See Tex. Civ. Prac. & Rem. Code
Ann. § 10.002(c).
 
7.. . . The payment of Pow-Sang’s attorney’s fees and costs
incurred or caused by the subject litigation would (i) compensate Pow-Sang for the expenses that he has been forced to incur; (ii) punish [the
LeJunes] and their counsel for violating the rules of pleading; and
hopefully (iii) deter other litigants from violating the rules of pleading.

(Emphasis in original.)
          “When an order of sanctions refers to one specific rule, either by citing the rule,
tracking its language, or both, we are confined to determining whether the sanctions
are appropriate under that particular rule.” Finlay, 77 S.W.3d at 524 (citing Metzger
v. Sebek, 892 S.W.2d 20, 51 (Tex. App.—Houston [1st Dist.] 1994, writ denied)). 
Accordingly, our review is limited to the ruling’s propriety in light of the bases
specified in the sanctions order, i.e., section 10.001(1) through (3). See id.
B.      Assessment of Sanctions Against Only the LeJunes
          Paragraph B(5) of the sanctions order,


 incorporated by reference into the final
judgment, assessed sanctions against the LeJunes’ counsel for violations of section
10.001(2). See Tex. Civ. Prac. & Rem. Code Ann. § 10.001(2). However, the final
judgment assessed all sanctions—presumably including any of those rendered under
section 10.001(2)—against the LeJunes. A trial court may generally assess sanctions
for section 10.001 violations against either a party, its counsel, or both. See id. §
10.004(a). However, a trial court “may not award monetary sanctions against a
represented party for a violation of Section 10.001(2).” Id. § 10.004(d) (Vernon
2002). By awarding sanctions against the LeJunes, rather than against their counsel,
the trial court erred to the extent that it based its sanctions on section 10.001(2).
          For the first time on rehearing,


 the LeJunes argue that the trial court’s
sanctions order was void, rather than merely voidable, for having awarded sanctions
under section 10.001(2) against them personally, rather than against their attorneys. 
We will consider their argument only if it truly concerns voidness;


 otherwise, we will
not consider it.



          Only in “rare circumstances” is a judgment truly void: “[a] judgment is void
only when it is apparent that the court rendering the judgment had no jurisdiction of
the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment,
or no capacity to act as a court.” Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex.
1990). “In general, as long as the court entering a judgment has jurisdiction of the
parties and the subject matter and does not act outside its capacity as a court, the
judgment is not void.” Reiss v. Reiss, 118 S.W.3d 439, 443 (Tex. 2003). In contrast, 
“the mere fact that an action by a court . . . is contrary to a statute, constitutional
provision or rule of civil or appellate procedure makes it ‘voidable’ or erroneous,” not
void. Mapco, Inc., 795 S.W.2d at 703; accord Reiss, 118 S.W.3d at 443. The
LeJunes argue that the assessment of sanctions against them under section 10.001(2),
rather than against their counsel, as the rule requires, is one of those “rare
circumstances” in which the error renders the judgment void. 
          We disagree. This error made that one portion of the order only voidable, not
void. See, e.g., Reiss, 118 S.W.3d at 443 (“Errors other than lack of jurisdiction, such
as ‘a court’s action contrary to a statute or statutory equivalent,’ merely render the
judgment voidable so that it may be ‘corrected through the ordinary appellate process
or other proper proceedings.’”) (quoting Mapco, Inc., 795 S.W.2d at 703) (emphasis
added); cf. Watkins v. Pearson, 795 S.W.2d 257, 260–61 (Tex. App.—Houston [14th
Dist.] 1990, writ denied) (indicating that sanctions order that did not recite with
particularity bases for sanction, in violation of rule 13’s requirements, was erroneous,
but not void). If the trial court had not had jurisdiction over the cause and thus lacked
jurisdiction to render chapter 10 sanctions,


 if it had awarded a sanction completely
outside of the three general types of sanctions recognized in section 10.004(c),


 if it
had not had personal jurisdiction over the LeJunes,


 or if it had imposed sanctions
with absolutely no notice and thus deprived the LeJunes of any meaningful way to
respond, in total violation of due process,


 then that would have been another matter. 
But those circumstances did not exist here. 
          The cases on which the LeJunes rely are distinguishable.


 The LeJunes cite
no authority holding that the trial court’s awarding section 10.001(2) sanctions
against a party, rather than against its attorney, is fundamental error that need not be
preserved in the trial court and raised on original submission on appeal. Neither have
we found such authority. We decline to hold that this error was fundamental when
the Texas Supreme Court has indicated that only “rare circumstances” render
judgments void and when no court has found this particular error fundamental.
          But even if we were incorrect in our conclusion that the judgment was not
partially void for this reason, we note that the trial court’s sanctions order recited
more than section 10.001(2) as bases for the award of sanctions. Given our holding
further below that the trial court did not abuse its discretion in awarding sanctions
against the LeJunes individually under authority other than section 10.001(2), it is
immaterial whether that portion of the trial court’s order awarding sanctions under
section 10.001(2) was void. A judgment based in part on a void ground may
nonetheless be affirmed if the judgment was also based on other grounds that were
not void and that fully and independently support the judgment. Cf. Guar. County
Mut. Ins. Co. v. Reyna, 709 S.W.2d 647, 648 (Tex. 1986) (“We must uphold a correct
lower court judgment on any legal theory before it, even if the court gives an
incorrect reason for its judgment.”).
          We thus overrule this argument on rehearing.
 
C.      The Merits of the Sanctions Order
          As the movant, Pow-Sang had the burden in the trial court of proving his
entitlement to chapter 10 sanctions. See Bug Master Exterminating Serv., Inc. v.
Abash Exterminating, Inc., No. 03-02-00048-CV, 2002 WL 31890819, at *2 (Tex.
App.—Austin Dec. 31, 2002, no pet.) (not designated for publication) (indicating that
it is burden of movant to prove bases alleged in motion for sanctions asserted under
Civil Practice and Remedies Code section 10.001). Given that some of the recited
bases for sanctions involved evidentiary matters, Pow-Sang’s burden was, at least in
part, evidentiary. See Tex. Civ. Prac. & Rem. Code Ann. § 10.001(1), (3)
(providing that sanctions are appropriate if, among other things, pleading was
presented for improper purpose, including harassment, unnecessary delay, or
needlessly increased litigation cost, or if pleading’s allegations and factual
contentions did not have or would likely not have evidentiary support).
          The appellate record contains no reporter’s record of the June 1999 sanctions
hearing. Although the LeJunes acknowledge that a hearing was held in June 1999,
they contend that “the trial court failed to hold an evidentiary hearing,” that it
rendered judgment “without any evidence at all,” and that “Pow-Sang did not present
any evidence to support the Motion for Sanctions.” The record and the parties’
arguments conflict, or are at least ambiguous, as to whether the trial court considered
only the affidavits attached to Pow-Sang’s motion for sanctions or whether additional
evidence was admitted at the June 1999 hearing.


 For example, the sanctions order
recited that “[a]fter considering the motion, the affidavits, the response, other
testimony received or evidence on file, and arguments of counsel, if any, the Court
finds the [sanctions] Motion to be well-taken, and Grants the Motion.” (Emphasis
added.) A judgment’s recitals are presumed to be true and can be rebutted only when
there is a conflict between the judgment and the record,


 but this recital does not
definitively indicate whether the trial court considered evidence other than the
affidavits submitted by Pow-Sang.


 Additionally, Pow-Sang’s brief indicates that
the trial court received into evidence at the June 1999 hearing three affidavits and a
certified lien affidavit that he had attached to his motion for sanctions; his brief does
not identify other evidence that the trial court may have considered at the hearing; and
Pow-Sang asserted, in his motion for a ruling on his motion for sanctions, that the
evidence that he had presented at the June 1999 hearing was the evidence appended
to his motion for sanctions and that the LeJunes did not present any controverting
evidence.
          Whether the court considered evidence other than Pow-Sang’s submitted
affidavits at the June 1999 sanctions hearing is important because “[i]f the
proceeding’s nature, the trial court’s order, the party’s briefs, or other indications
show that an evidentiary hearing took place in open court, then a complaining party
must present a record of that hearing to establish harmful error.” See Michiana Easy
Livin’ Country, Inc. v. Holten, 168 S.W.3d 777, 783 (Tex. 2005); see also Univ. of
Tex. at Arlington v. Bishop, 997 S.W.2d 350, 357–58 (Tex. App.—Fort Worth 1999,
pet. denied) (holding, in appeal of sanctions order rendered under section
10.001(1)–(3), that “[t]he party that complains of abuse of discretion has the burden
to present a record showing such abuse” and that, if party does not do so, appellate
court “must presume that sufficient evidence was introduced” to support sanctions
award); see also Dob’s Tire & Auto Ctr. v. Safeway Ins. Agency, 923 S.W.2d 715, 720
(Tex. App.—Houston [1st Dist.] 1996, writ dism’d w.o.j.) (“Points of error dependent
on the state of the evidence cannot be reviewed absent a complete record.”). 
However, unless the proceeding’s nature, the resulting order, the parties’ briefs, or
other indicators show that an evidentiary hearing occurred, appellate courts “should
presume that pretrial hearings are nonevidentiary, and that the trial court considered
only the evidence filed with the clerk.” Michiana Easy Livin’ Country, Inc., 168
S.W.3d at 783. Additionally, although “[e]ither party . . . may allege that a hearing
was evidentiary,” a party’s allegation “must be specific. Merely asserting that the
trial court ‘considered evidence at the hearing’ is not enough—trial courts do that
when a hearing is conducted entirely on paper, or based solely on affidavits and
exhibits filed beforehand. Instead, there must be a specific indication that exhibits
or testimony was presented in open court beyond that filed with the clerk.” Id.
(emphasis in original).
          Given the above-referenced ambiguity in the record, we decline to presume that
the parties presented and that the trial court considered, at the June 1999 sanctions
hearing, evidence other than that attached to Pow-Sang’s sanctions motion. See id.
Nonetheless, we conclude that we must affirm the judgment. Pow-Sang filed three
affidavits in support of his sanctions motion. In the first, Pow-Sang averred that he
was not, could not be, and had never claimed to be, the “spouse” of Kass; that he had
no pecuniary interest in the subject of the lien affidavit, including by virtue of his
having been the real-estate broker; and that Kass was the person who had signed the
lien affidavit. In the second, Kass averred similar things. In the third, Pow-Sang’s
attorney attested to the reasonable attorney’s fees and out-of-pocket expenses that
Pow-Sang had incurred in the trial court because of the LeJunes’ suit. Finally, Pow-Sang submitted the lien affidavit that formed the basis of the LeJunes’ cause of action
against him. The record contains no controverting evidence offered by the LeJunes.
          The LeJunes’ claim against Pow-Sang was that he “violated his duties as a
notary public, and as such, breached a duty owed to [the LeJunes]” because he had
notarized the lien affidavit when he allegedly had a pecuniary interest in the Kass
suit, either as Kass’s “spouse” or as the real-estate broker for the earlier real-estate
sale. One of the bases on which the trial court assessed sanctions was that this claim
had no evidentiary support, could never have had any, and would likely never have
any because Pow-Sang’s acknowledging what was without dispute an authentic
signature caused none of the LeJunes’ damages; rather, any damages that the LeJunes
might have had flowed from the filing of the lien, which was done by Kass, not by
Pow-Sang. See Tex. Civ. Prac. & Rem. Code Ann. § 10.001(3).
          We hold that the trial court did not abuse its discretion in assessing sanctions
on this basis, which was based in part upon the affidavit evidence that Kass’s
signature was genuine. Whether Pow-Sang violated his notary duties by
acknowledging Kass’s signature was irrelevant because, even had Pow-Sang violated
his notary duties by having done so, that would not have changed the cause of the
LeJunes’ damages.


 Simply put, the trial court could reasonably have concluded that
the damages that the LeJunes sought—for diminution in the home’s value; for out-of-pocket losses, such as repair costs; for the cost of inconvenience; for the inability to
obtain the remaining funds from their lender because of a cloud on their title; and for
mental anguish—could in no way arise from Pow-Sang’s act of ministerially
acknowledging a signature that was, in fact, authentic. Rather, the trial court would
have been within its discretion in concluding that the LeJunes’ pleaded damages, as
a matter of law, arose, if at all, from Kass’s work product or from his filing the lien
affidavit.
          Moreover, the LeJunes did not cite to the trial court any authority providing
that a notary’s acknowledging an authentic signature, when the notary also has a
pecuniary interest in the underlying transaction, can give rise to a private cause of
action for money damages. We have found no such authority, and the authority that
we have found indicates that a notary public’s having an interest in the underlying
transaction merely disqualifies him from notarizing documents related to that
transaction, so that any resulting affidavit may be invalid. See, e.g., Phillips v.
Brazosport Sav. & Loan Ass’n, 366 S.W.2d 929, 931–32 (Tex. 1963) (stating general
rule that one who is financially and beneficially interested in transaction is
disqualified from taking acknowledgment concerning that transaction); Dyson
Descendant Corp. v. Sonat Exploration Co., 861 S.W.2d 942, 948 (Tex.
App.—Houston [1st Dist.] 1993, no writ) (same); see also Tex. Gov’t Code Ann.
§ 406.018(a) (Vernon 2005) (providing that notary public guilty of willful neglect of
duty or malfeasance in office may be removed from office in manner provided by
law). The trial court’s finding that Pow-Sang’s acknowledgment could not have
caused the LeJunes’ pleaded damages is supported by the fact that the LeJunes’ suit
did not seek a finding that Pow-Sang was disqualified so that they could then have
Kass’s lien affidavit declared invalid, but instead sought monetary damages allegedly
arising from the filing of the lien itself or from Kass’s workmanship on their home.
          Because this one basis for sanctions supports their award, we need not consider
whether the trial court abused its discretion in awarding sanctions on the other bases
recited in the order.
          We overrule issues one, two, four, and six.



Due Process 
          In issue three, the LeJunes complain that the trial court violated their due
process rights by assessing sanctions without first holding an evidentiary hearing.
          This is not a challenge that the LeJunes received no notice of Pow-Sang’s
request for sanctions or of the hearing on that request or that they had no opportunity
to respond in any way. Indeed, the record shows that the LeJunes had notice and an
opportunity to respond: Pow-Sang answered and counter-claimed for sanctions on
November 13, 1998; Pow-Sang filed his sanctions motion, with affidavits attached
in support, on March 31, 1999; the LeJunes responded to that motion on
approximately April 7, 1999; Pow-Sang replied to the response four days later; the
sanctions hearing took place approximately two months later, in June 1999; the
LeJunes’ briefing indicates that they had notice of and attended that hearing; and the
sanctions order was not signed until September 1999. Thus, the record does not show
that the LeJunes lacked either “notice of the allegations” or “a reasonable opportunity
to respond to the allegations,” which are the due process guarantees afforded them
by section 10.003. See Tex. Civ. Prac. & Rem. Code Ann. § 10.003 (Vernon 2002). 
In the authority that we have found in which sanctions orders were declared void for
having violated due process, the courts have generally done so because no notice was
given, in effect depriving the sanctioned party of any meaningful way to respond.


 
The LeJunes do not allege that that happened here. Neither is there anything in the
record showing that they requested a more fully developed hearing to present
testimonial evidence or additional time to present written evidence: such a request
does not appear in their post-order motions, and there is no reporter’s record of the
sanctions hearing to show if they asserted it then. See Tex. R. App. P. 33.1(a).
          We overrule issue three.
C.      Adequacy of Trial Court’s OrderIn issue five, the LeJunes complain that the trial court erred because its
sanctions order did not adequately explain the bases for sanctions. Specifically, the
LeJunes argue that (1) Pow-Sang did not segregate his attorney’s fees evidence to
show which fees he incurred defending against the LeJunes’ allegation that he was
Kass’s “spouse” and which fees he incurred defending the allegations that he had
violated his duties as a notary; (2) the order’s recitation that the court considered “the
motion, the affidavits, the response, other testimony received or evidence on file, and
arguments of counsel, if any” was erroneous because the court did not actually
receive affidavits, testimony, or evidence; and (3) the order expressly referred only
to the LeJunes’ allegation that Pow-Sang was Kass’s “spouse,” not to the other
allegations that their petition made against Pow-Sang.
          Section 10.005 requires that “[a] court . . . describe in an order imposing a
sanction under this chapter the conduct the court has determined violated Section
10.001 and explain the basis for the sanction imposed.” Tex. Civ. Prac. & Rem.
Code Ann. § 10.005 (Vernon 2002). 
          As for the first complaint—that Pow-Sang did not segregate his attorney’s fees
evidence to show which fees he incurred defending against the LeJunes’ allegation
that he was Kass’s “spouse” and which fees he incurred defending the allegations that
he had violated his duties as a notary—this has to do with the merits of the amount
of sanctions awarded, not with whether the sanctions order was sufficiently specific
to comply with section 10.005. That is, whether Pow-Sang carried his burden of
showing what his reasonable expenses and fees were is irrelevant to whether the court
sufficiently “describe[d] in an order imposing a sanction under this chapter the
conduct the court has determined violated Section 10.001 and explain[ed] the basis
for the sanction imposed.” Id. Moreover, the LeJunes did not preserve this
challenge.


 See Tex. R. App. P. 33.1(a)(1). Finally, even were this challenge both
relevant and preserved, we would overrule it. The fact that the LeJunes alleged two
factual bases—that Pow-Sang was the real-estate broker for the lot’s and home’s sale
and that he was Kass’s “spouse”—for a single cause of action against Pow-Sang—that he breached his duties as a notary—changes nothing. It strains the limits
of credibility to argue that Pow-Sang had to segregate fees for time that he spent
defending against separate factual bases for a unified cause of action, especially when
Pow-Sang virtually always made arguments relevant to both factual bases within the
same trial-court pleadings.
          As for the second complaint—that the order’s preliminary recitations that the
court considered evidence at the sanctions hearing were wrong—the court’s
recitations concerning what it considered in reaching its ruling have nothing to do
with its totally separate recitations of the bases for its sanctions. That is, the
complained-of preliminary recitations are irrelevant to the LeJunes’ challenge under
section 10.005. 
          As for the final complaint—that the order expressly referred only to the
LeJunes’ allegation that Pow-Sang was Kass’s “spouse,” not to the other allegations
that their petition made against Pow-Sang—we overrule it. The LeJunes’ only
argument in support is:
There is no specific reference [in the sanctions order] to any allegations
other than the allegation that Kass referred to a ‘spouse’[-]like
relationship between Kass and Pow-Sang. The basis for the mention of
the relationship between Kass and Pow-Sang clearly provides support
for the contention that Pow-Sang would financially benefit from the
Kass lien and thus should not have notarized affidavit [sic].

(Emphasis added.) We fail to see how the italicized argument has anything to do with
section 10.005’s requirements. Moreover, as we understand this argument, it
concerns the merits of the sanctions order, on which we have already held that the
LeJunes lose.
          We overrule issue five.
Conclusion
          We affirm the judgment of the trial court.
          The Lejunes’ “conditional motion to re-designate [the original memorandum
opinion] as precedent” by designating it as an “opinion” on rehearing is granted in
part, in that the Court designates its discussion on rehearing as an opinion, rather
than as a memorandum opinion. The LeJunes’ motion for oral argument on rehearing
is denied.
 

                                                                       Tim Taft
                                                                       Justice

Panel consists of Justices Taft, Keyes, and Hanks.